UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.   )<br>)<br>SEAN T. CONNAUGHTON  )<br>Administrator  )<br>Maritime Administration, and  )<br>)<br>MARY E. PETERS,  )<br>Secretary  )<br>Department of Transportation,  )<br>)<br>Defendants.  ) | Civil Action No. _____ |

**PLAINTIFF'S MOTION LEAVE TO EXCEED THE PAGE LIMIT**

Plaintiff Atlantic Sea Island Group LLC ("ASIG") hereby moves, pursuant to Local Rule 7(e), for leave to exceed the page limitation and to file a 53 page Memorandum of Points and Authorities in Support of its Motion for a Preliminary Injunction.

The Motion for a Preliminary Injunction seeks issuance of an Order enjoining a decision of the Administrator of the Maritime Administration that designated New Jersey as an additional "adjacent coastal State" for purposes of consideration of plaintiff's Application for a federal license under the Deepwater Port Act, 33 U.S.C. § 1501 et seq., to construct and operate the Safe Harbor Energy Liquefied Natural Gas Deepwater Port, a large facility for the importation and distribution of natural gas to be built in federal waters off the coast of New York State.

Resolution of the Motion for a Preliminary Injunction will require extensive analysis of the operation of the Deepwater Port Act, the unique process for designation of a State as an "adjacent Coastal State," and the equitable considerations that attend the Administrator's issuance of his decision and the effects it will have on ASIG's ability to obtain resolution of its Application under the standards that Congress adopted in the statute. Few cases have ever been litigated under the Deepwater Port Act since its passage in 1974, and as far as can be determined, this is the first case that has been litigated involving the "adjacent coastal State" designation process.

Since this issue has never been litigated, a detailed explanation of the operation of the Deepwater Port Act and its legislative history were necessary. Further, the pleadings concerning the Motion for a Preliminary Injunction will certainly be among the most important, if not the most important, pleadings in this administrative review proceeding.

For these reasons, plaintiff seeks leave to file a Memorandum in Support of its Motion for Summary Judgment that is 53 pages in length, eight more pages than the normal page limit for a motion in this Court.

          Respectfully submitted,

_____
JOHN F. COONEY
(D.C. Bar No. 936336)
JAMES H. BURNLEY IV
(D.C. Bar No. 426299)
DAVID G. DICKMAN
(D.C. Bar No. 465010)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4812

February 15, 2008          Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SEAN T. CONNAUGHTON )<br>Administrator )<br>Maritime Administration, and )<br>)<br>MARY E. PETERS, )<br>Secretary )<br>Department of Transportation, )<br>)<br>Defendants. ) | Civil Action No. _____<br><br>[PROPOSED] ORDER |

## ORDER

Upon consideration of the Motion of Plaintiff Atlantic Sea Island Group LLC ("ASIG") for leave to exceed the page limit and to file a 53 page Memorandum in Support of its Motion for a preliminary injunction, and for good cause show, it is hereby

ORDERED that plaintiff's Motion leave to exceed the page limit is granted, and

ORDERED, that the Clerk is directed to accept the Memorandum in Support of the Motion for a Preliminary Injunction for filing.

_____

United States District Judge