UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC, )<br>)<br>            Plaintiff, )<br>     v. )<br>)<br>SEAN T. CONNAUGHTON )<br>Administrator )<br>Maritime Administration, )<br>)<br>and )<br>)<br>MARY E. PETERS, )<br>Secretary )<br>Department of Transportation, )<br>)<br>            Defendants.   ) | Civil Action No. 08-00259 (RWR) |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' SECOND REQUEST FOR
AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION AND REQUEST FOR PRODUCTION
OF A STATUTORILY-REQUIRED DOCUMENT**

Plaintiff Atlantic Sea Island Group respectfully submits this Opposition to Defendants' Second Motion for an Extension of Time in which to respond to Plaintiff's Motion for a Preliminary Injunction and Request that defendants be required to submit to the Court one of the two documents that the Maritime Administration was required by statute to consider in making the determination that is challenged in this lawsuit.

Plaintiff opposes the Second Motion for an Extension on the grounds that it is being irreparably injured by the delays that have occurred in the processing of its Application for a license to build a deepwater Liquefied Natural Gas terminal and that this injury would be compounded by the delays in the litigation process. The Deepwater Port Act, 33 U.S.C. § 1501 et seq., establishes a 330 day timetable for consideration and resolution of its Application for a

license to construct the proposed port. Under the accelerated timetable established by Congress, time is of the essence in this process. Further, the Application proposes the construction of a port that will cost approximately $1.5 billion to construct. Inflation in the cost of constructing major infrastructure projects is currently running at a rate of approximately 6 percent per annum, which means that the price escalation cost for this project is in excess of $1,500,000 for every week that resolution of the Application is delayed. ASIG is being forced to absorb the costs of these delays and will not have an adequate remedy at law to seek to recoup those increased costs from the government at the conclusion of the litigation.

Defendants rely in part on assertions that, given the status of the environmental assessment of the proposed project and the effect of the environmental analysis on the prejudice ASIG is not suffering any prejudice. This argument is incorrect. First, as demonstrated in ASIG's Motion for a Preliminary Injunction, the 330 day "clock" for resolution of the Application and review of the environmental factors has been stopped by the government. ASIG's Application was "deemed complete" in August 2007, which means that the agencies concluded that it contained the necessary information to permit an assessment of the environmental impacts. 33 C.F.R. § 148.105(z) (requiring submission in the Application of an analysis sufficient to meet the requirements of the National Environmental Policy Act).

The next step in the environmental review process is for ASIG to retain a third-party environmental contractor, who will be paid by the company but will work with the Coast Guard to assess the environmental information in the Application. ASIG has identified the contractor and has negotiated, and is prepared to sign, a contract with it but has not yet done so, because the government has refused to start the "clock." The government has informed counsel for ASIG that further processing will not occur, and the "clock" will not be restarted, until the legality of

New Jersey's designation as an additional "adjacent coastal State" has been resolved. The government also has informed counsel that if the clock is started before the "adjacent coastal State" issue is resolved, the first steps on which the contractor will be put to work would be to perform the environmental scoping and other preparations necessary to meet the requirements resulting from the designation of New Jersey as an "adjacent coastal State."

Second, as ASIG stated in its Motion for a Preliminary Injunction, the essence of the irreparable harm that it has suffered from the unlawful designation of New Jersey as an additional "adjacent coastal State" is that this determination greatly expands the scope and cost of the required environmental analysis. ASIG negotiated, consulted, and worked with the State of New York for two years to prepare assessments of the environmental impact of the project on that State that was included in the Application. There can be no doubt that the processing of the Application would be further delayed for many months, if not years, if ASIG were required to conduct a similar assessment for New Jersey. This would defeat, for all practical purposes, the 330 day schedule that Congress enacted for consideration of the Application.

Further, unless a preliminary injunction is granted, any negotiations with New Jersey, similar to those with New York, about how it will exercise its power as an "adjacent coastal State" would necessarily occur while this lawsuit is being litigated. The decisions resulting from the discussions between the federal agencies and New Jersey, with the threat of New Jersey's exercising its veto power overhanging review of the Application, will be impossible to back out of the process even if injunctive relief is granted at the end of the case. Given the iterative and evolutionary nature of decisionmaking in large environmental projects, it will not be possible after the fact to reverse engineer the consultation process and remove from the federal agencies' final position the concerns, conditions and restrictions that were initially included to avoid any

threatened veto by the State of New Jersey. For these reasons, ASIG is currently suffering irreparable harm from the delay in consideration of its Motion for a Preliminary Injunction.

ASIG recognizes that this Court frequently grants agency requests for extensions of time to respond to preliminary injunction motions, in deference to the review process within the government and the crowded schedules of the lawyers who represent federal agencies. If the Court does determine to grant the government's request for a further extension, ASIG requests that the Court bear in mind the irreparable injury it is currently suffering and schedule oral argument on the Motion for as early a date as possible.

There is one additional matter that ASIG requests that the Court address at this time. Under the Deepwater Port Act, 33 U.S.C. § 1508(a)(2), there are two documents that the Administrator is required to consider in determining whether to designate a State as an "adjacent coastal State" – its petition for designation and an analysis of the request by the National Oceanic and Atmospheric Administration. In his decision designating New Jersey as an "adjacent coastal State," the Administrator explicitly stated that he based his decision, in part, on a letter from NOAA dated October 17, 2007. This document will play a significant role in consideration of the probability of success on the merits branch of the preliminary injunction issue.

As ASIG noted in its Motion papers, the Maritime Administration previously had declined ASIG's request for release of this letter under the Freedom of Information Act. After this lawsuit was filed, ASIG wrote counsel for the government and requested that the agency produce a copy of this document so that the briefing on the preliminary injunction question might be based on the statutorily-required documents. (Exhibit 1) The government has now informed ASIG that it will not provide the requested document and does not intend to produce

the document to the Court as part of the Record on which the Motion for a Preliminary Injunction will be resolved.

The government's position would deprive the Court of the ability to review one of the two statutorily-required documents on which the Administrator's decision must be based.  There are no national security or other, similar considerations that might preclude the introduction of this document in open court.  Accordingly, ASIG requests that the Court direct defendants to produce to the Court and plaintiff, as part of its Opposition to the Motion for a Preliminary Injunction, a copy of the October 17, 2007 NOAA letter on which the Administrator relied in making his decision.

                    Respectfully submitted,

                    */s/ John F. Cooney*
                    JOHN F. COONEY
                    (D.C. Bar No. 936336)
                    JAMES H. BURNLEY IV
                    (D.C. Bar No. 426299)
                    DAVID G. DICKMAN
                    (D.C. Bar No. 465010)
                    Venable LLP
                    575 7th Street, N.W.
                    Washington, D.C. 20004
                    (202) 344-4812
March 10, 2008            Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of March 2008, copies of *Plaintiff's Objection to Defendants' Second Request for an Extension of Time to Respond to Plaintiff's Motion for a Preliminary Injunction and Request for Production of a Statutorily-Required Document, and proposed Order* were served by the Court's ECF filing system on the following:

> Beverly Maria Russell, Esquire
> U.S. Attorney's Office
> 555 4th Street, N.W.
> 4th Floor
> Washington, D.C. 20530

>     */s/ John F. Cooney*
> John F. Cooney



575 7th Street, NW  
Washington, DC 20004-1601

Telephone 202-344-4000  
Facsimile 202-344-8300

www.venable.com

John F. Cooney     202-344-4812     jfcooney@venable.com

February 29, 2008

Beverly Russell  
Assistant U.S. Attorney  
U.S. Attorney's Office  
Civil Division  
555 4th Street, N.W.  
Room E-495  
Washington, D.C. 20530

    Re:    <u>ASIG v. Connaughton</u>, No. 08-259

Dear Beverly,

    I am writing to confirm that, as we discussed yesterday, American Sea Island Group has requested that the defendants produce to it, in advance of their submission on March 11, 2008 of an Opposition to the Motion for a Preliminary Injunction, a copy of the letter from the National Oceanographic and Atmospheric Administration to the Maritime Administration dated October 17, 2007, on which the Administrator of the Maritime Administration relied in his November 2, 2007 decision designating New Jersey as an additional adjacent coastal State for this project.

                                         Sincerely,

                                         John F. Cooney

PLAINTIFF'S EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ATLANTIC SEA ISLAND GROUP LLC,** )<br> )<br>**Plaintiff,** )<br> )<br>v. )<br> )<br>**SEAN T. CONNAUGHTON** )<br>**Administrator** )<br>**Maritime Administration,** )<br> )<br>and )<br> )<br>**MARY E. PETERS,** )<br>**Secretary** )<br>**Department of Transportation,** )<br> )<br>**Defendants.** ) | Civil Action No. 08-259 (RWR)<br><br>**[PROPOSED] ORDER** |

## ORDER

Upon consideration of Plaintiff's Opposition to Defendants' Second Motion for an Extension of Time to Respond to Plaintiff's Motion for a Preliminary Injunction and Request for Production of an Essential Document, and for good cause show, it is hereby

**ORDERED** that Defendants shall produce, as part of their Opposition to Plaintiff's Motion for a Preliminary Injunction, a copy of the letter dated October 17, 2007 from the National Oceanic and Atmospheric Administration to the Maritime Administration concerning the Safe Harbor Energy Deepwater LNG Port, on which the Maritime Administrator stated that he relied in his decision of November 2, 2007 that is at issue in this lawsuit.

**IT IS SO ORDERED**, this _____ day of _____ 2008.

_____
The Honorable Richard W. Roberts
UNITED STATES DISTRICT JUDGE