UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC,       )<br>                                                                  )<br>                                  **Plaintiff,**    )<br>         v.                                                  )<br>                                                                  )<br>SEAN T. CONNAUGHTON             )<br>Administrator                                      )<br>Maritime Administration,                  )<br>                                                                  )<br>and                                                        )<br>                                                                  )<br>MARY E. PETERS,                            )<br>Secretary                                              )<br>Department of Transportation,        )<br>                                                                  )<br>                                  **Defendants.**  ) | Civil Action No.<br>No. 08-00259 (RWR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE OF
JON S. CORZINE, GOVERNOR OF NEW JERSEY, AND STATE OF
<u>NEW JERSEY, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)</u>**

Plaintiff Atlantic Sea Island Group ("ASIG") respectfully submits this Memorandum in Opposition to the Motion of the Governor of New Jersey and the State of New Jersey (collectively "New Jersey") to Intervene in this matter as Defendants. New Jersey has failed to demonstrate that its interest is not adequately protected by Defendants. Rather, New Jersey's pleadings demonstrate that the Maritime Administration closely cooperated with the State to remove obstacles to its designation as an "adjacent coastal State" under the Deepwater Port Act. Accordingly, New Jersey does not meet the minimal standard for intervention under the "inadequate representation" provision of Federal Rule of Civil Procedures 24(a).

New Jersey's proposed Opposition to ASIG's Motion for a Preliminary Injunction seeks improperly to introduce into this litigation many arguments that may not be considered in this

record review action under the Administrative Procedure Act ("APA"). New Jersey advances several rationales for the agency action on which the Maritime Administrator did not rely in his November 2, 2007 decision designating New Jersey as an additional "adjacent coastal State" and which thus cannot be considered by the Court as justifications for that action. Moreover, the State's arguments are based in substantial part on criteria, in particular economic considerations, that do not fall within the narrow scope of factors affecting the "coastal environment" of New Jersey that the Administrator may consider under 33 U.S.C. § 1508(a)(2) in making the "adjacent coastal State" determination. To the extent that New Jersey makes argument that may properly be considered in this APA litigation, they are identical to the arguments Defendants make.

The introduction of issues that may not properly be considered by the Court does not establish a basis for intervention. Accordingly, the Court should deny New Jersey's Motion to Intervene. ASIG would have no objection to New Jersey's participation in the matter as an *amicus curiae*, provided that its arguments are limited to the grounds on which the Administrator actually based his decision and the factors that properly may be considered in making a Section 1508(a)(2) determination.

## ARGUMENT

Fed. R. Civ. P. 24(a)(2) provides that the Court may permit a party to intervene as of right if the applicant:

> claims an interest relating to the property or transaction that is the subject of the action, and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

An applicant for intervention has the burden of demonstrating that the existing parties do not adequately represent its interests. *See, e.g., Dimond v. District of*

*Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986). While that burden is "not onerous," the applicant must nonetheless show that the defendants' representation of his interests may be inadequate. *Id.* at 192. The burden is not satisfied where there is a demonstrated history of prior cooperation between the existing parties and the petitioner with respect to the subject matter of the litigation. *See Dize v. Amalgamated Council of Greyhound Local Unions*, 684 F. Supp. 332, 337 (D.D.C. 1988). While representation may be inadequate if the existing party has strategic reasons not to press certain arguments available to the applicant, *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998), the fact that the intervenor would make essentially the same legal arguments as the existing parties would make is a factor suggesting that intervention would not be appropriate. *Dimond*, 792 F.2d at 193. A mere difference as to the possible articulation of the available arguments does not justify intervention. *Dize*, 684 F. Supp. at 337.

Here, the State has failed to carry its burden of showing that Defendants do not already adequately represent its interest in litigation concerning the determination whether New Jersey was properly designated as an additional "adjacent coastal State." New Jersey's pleadings show that the Maritime Administration cooperated closely with it, both before and after the November 2, 2007 designation, to remove obstacles to the State's designation as an "adjacent coastal State." New Jersey has not demonstrated that Defendants will fail to make any legally cognizable argument that is potentially available to defend the Maritime Administrator's actions. Further, the State's proposed pleadings show that it improperly seeks to introduce into the litigation rationales on which the Administrator did not rely, as well as factors that may not lawfully be considered in

determining its status as an additional "adjacent coastal State" under the Deepwater Port Act ("DWPA"), 33 U.S.C. § 1501 *et seq.*

### 1. The Defendants Adequately Represent New Jersey's Interests.

New Jersey argues, without further support, that while the existing defendants "share with New Jersey an interest in defending new Jersey's designation as an adjacent coastal state, they cannot be expected to protect New Jersey's interest to its fullest extent," because they were the decisionmakers and New Jersey was the entity benefitted by their action. Memorandum in Support of Motion to Intervene at 9. However, the documents attached as exhibits to New Jersey's Motion to Intervene demonstrate that the Maritime Administration and the State worked together carefully, both before and after the agency action, to clear the way for New Jersey's designation as an additional "adjacent coastal State."

On September 6, 2007, the Governor of New Jersey submitted to the Coast Guard and the Maritime Administration a petition for designation as an additional "adjacent coastal State" under 33 U.S.C. § 1508.[1] The State's petition was referred to the Administrator of the National Oceanic and Atmospheric Administration ("NOAA") for his "recommendations," as required by Section 1508(a)(2). On October 17, 2007, NOAA submitted a letter to the Maritime Administration that deemed the information submitted by the State to be inadequate.[2] On October 24, 2007, the Maritime Administration conducted a conference call with environmental officials of New Jersey to work with them to address the obstacles to designation identified by NOAA.

---

[1] Attachment 2 to the Motion of Jon S. Corzine, Governor of the State of New Jersey, and State of New Jersey to Intervene Pursuant to Federal Rule of Civil Procedure 24(a)(2) ("Motion to Intervene").
[2] Attachment 4 to Motion to Intervene at 1.

On November 1, 2007, Ms. Ruth Ehinger, Coastal Program Manager for the State of New Jersey, submitted a letter to the Maritime Administration, which stated:

> This letter serves to address issues raised by NOAA in its October 17, 2007 letter to the Maritime Administration, as you requested in our conference call on October 24, 2007. NOAA's letter addresses Cholera Bank and fishing, the coastal environment and water quality.
>
> The NOAA letter indicates that New Jersey should provide additional information that the risk to New Jersey is equal to or greater than the risk posed to ". . . New York, the State that is directly connected by pipeline to the proposed deepwater port."[3]

The 45 day period provided by Section 1508(a)(2) for a decision on New Jersey's petition for designation had expired prior to the date of Ms. Ehinger's letter. Nonetheless, on November 2, 2007, the Maritime Administrator designated New Jersey as an additional "adjacent coastal State."[4] The State's November 1st letter essentially reiterated the arguments that the Governor had made in the original petition.[5] There is no indication in the public record, and no suggestion in the Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction, that the Maritime Administration ever referred the State's second letter to NOAA for its "recommendations," as required by Section 1508(a)(2). Rather, the Administrator issued his decision one day after his staff received the second New Jersey letter and well after the expiration of the 45 day deadline for his action.

Further, as set forth in the Complaint, the Administrator did not apply the statutory standard for designation of New Jersey, which would have required a showing

---

[3] *Id.*
[4] Attachment 6 to Motion to Intervene.
[5] *See* Motion to Intervene at 4-5 ("New Jersey <u>explained again</u> that the alternative pipeline route included in ASIG's application would be within nine miles of New Jersey . . . . In addition, New Jersey <u>reiterated</u> the importance of Cholera Bank . . . . New Jersey <u>stressed again</u> that since water currents would run from the proposed deepwater port towards New Jersey, impacts on water quality in New Jersey would be at least equal to those in New York.") (Emphasis added)

that the harm posed to the coastal environment of New Jersey was "equal to or greater than" the harm posed to New York. These unusual actions show that the Maritime Administration has long been working in coordination with New Jersey in this matter. Under these circumstances, the State has failed to show that the cooperating Defendants will not adequately represent the State's interests in this litigation.

In his November 2 decision, the Maritime Administrator did not disclose the existence of the State's November 1st letter. He also did not rely on its contents, but based his decision upon New Jersey's original request for designation and "upon consideration of the NOAA recommendation . . . ."[6] The letter also was not placed in the public docket or transmitted to ASIG.

Further, on December 21, 2007, after ASIG had sought reconsideration of the Administrator's November 2, 2007 decision, Jeanne Herb of the New Jersey Department of Environmental Protection submitted an additional letter to the Maritime Administration in support of New Jersey's petition.[7] The Maritime Administrator did not disclose the existence of the State's December 21, 2007 letter in his letter of February 8, 2008 denying reconsideration. The letter also was not placed document in the public docket or transmitted to ASIG. Its existence would be unknown if New Jersey had not submitted it to the Court.

In sum, the documents attached to New Jersey's Motion demonstrate that the Maritime Administration worked closely with New Jersey to remove the obstacles to its designation as an "adjacent coastal State," including the deficiencies in the State's showing identified in the NOAA October 17th letter. Under the circumstance, and in light

---

[6] Attachment 6 to Motion to Intervene; Attachment 1 to Plaintiff's Memorandum in Support of its Motion for a Preliminary Injunction.
[7] Attachment 5 to Motion to Intervene.

of this extensive track record of cooperation, New Jersey has failed to show that the Defendants will not adequately represent its interest in preserving its designation.

### 2. Intervention Should Be Denied Because New Jersey Seeks To Introduce Arguments Other Than Those on Which the Administrator Based His Decision and Which Are Based on Factors that, by Statute, Are Not Properly Considered in the "Adjacent Coastal State" Determination.

The arguments set forth in its proposed Opposition to Plaintiff's Motion for a Preliminary Injunction are based, in substantial part, on rationales on which the Maritime Administrator did not rely in his November 2, 2007 decision and on factors that fall outside the scope of the criteria that the Administrator may consider under Section 1508(a)(2) of the DWPA. To the extent that New Jersey presents arguments that are legally cognizable, they are identical to the arguments that Defendants have made.

Under the Administrative Procedure Act, an agency decision may be sustained against a judicial challenge only upon the rationale on which the agency actually relied in making its decision. The law in the D.C. Circuit is well-settled:

> Arbitrary and capricious review "demands evidence of reasoned decisionmaking *at the agency* level; agency rationales developed for the first time during litigation do not serve as adequate substitutes." . . . "We can only look to the 'agency's] stated rationale. We cannot sustain its action on some other basis the [agency] did not mention."

*Williams Gas Processing – Gulf Coast Co. v. FERC*, 475 F.3d 319, 326 (D.C. Cir. 2006), *quoting Kansas City v. HUD*, 923 F.2d 188, 192 (D.C. Cir. 1991), and *Point Park Univ. v. NLRB*, 457 F.3d 42, 50 (D.C. Cir. 2006) (emphasis in original). Applying these standards, the Motion to Intervene should be denied, because the State seeks to introduce arguments that may not be considered in this record review case under the APA.

In its proposed Opposition, New Jersey attempts to justify its designation as an additional "adjacent coastal State" based on several grounds on which the Administrator did not rely.

-- New Jersey argues that it was entitled to "adjacent coastal State" status based on its understanding that in the future, an additional pipeline might be built from the proposed port to New Jersey. New Jersey Opp. at 5. However, ASIG's Application does not refer to any such additional pipeline. The Administrator did not rely upon this factor in its November 2, 2007 decision, and his decision therefore cannot be justified on this ground.

-- New Jersey argues that it should have been designated as an "adjacent coastal State" because the pipeline from the ASIG port would connect to an existing pipeline through a junction in the State waters of New York; and that existing pipeline ultimately extends into and transports natural gas into New Jersey. *Id.* at 6. The Administrator did not rely upon this factor in his November 2, 2007 decision, and the agency action cannot be defended on this ground.

-- New Jersey argues that it should have been designated as an "adjacent coastal State," because one of the options that was studied in the preliminary environmental scoping process for the port, but which was not proposed by ASIG in its Application as the routing for which it seeks a federal license, would have had a pipeline alignment that would have come within nine miles of that State. *Id.* at 3, 4. The Coast Guard and the Maritime Administration properly did not rely upon this factor in their original designation of the "adjacent coastal State" in August 2007. The Administrator did not rely upon this factor in its November 2, 2007 decision, and his decision therefore cannot

be justified on this ground, because ASIG has not proposed it. Gov't Mem. in Opposition to Plaintiff's Motion for a Preliminary Injunction at 30-34.

New Jersey also relies extensively on factors that, under the explicit provisions of the DWPA, fall outside the scope of the factors that may be considered in the "adjacent coastal State" analysis. Most of these factors would be relevant, however, and would have an important role to play in the federal agencies' review of the environmental and other factors related to construction of the port. In that process, even if it were not classified as an "adjacent coastal State," New Jersey would have a statutory right to make its views known to the agencies, and Congress directed that its position in that context "shall be given full consideration by . . . the Secretary regarding the location, construction ,and operation of a deepwater port. 33 U.S.C. § 1508(b)(2). The arguments on which New Jersey would rely directly contravene Congress' determination to limit sharply the factors that may be taken into account in making the extraordinary decision to designate an additional "adjacent coastal State."

Under the DWPA, a State may be designated as an additional "adjacent coastal State" only if the harm presented to the "coastal environment" of the petitioning State is "equal to or greater than" the harm to the pipeline state. *Id.* The term "coastal environment" in turn is limited to environmental effects experienced in the navigable waters and adjacent shorelines of the State.[8] It is undisputed that the navigable waters of New Jersey extend out only three nautical miles from its coastline. Yet many of New

---

[8] The term "coastal environment" is defined in 33 U.S.C. § 1502(5) as "the navigable waters (including the lands therein and thereunder) and the adjacent shorelines including waters therein and thereunder). The term includes transitional and intertidal areas, bays, lagoons, salt marshes, estuaries, and beaches; the fish, wildlife and other living resources thereof; and the recreational and scenic values of such lands, waters, and resources." In the Memorandum supporting its Motion for a Preliminary Injunction, ASIG demonstrated that under the DWPA, the term "navigable waters" means the waters out to the three nautical mile limit. Neither Defendants nor New Jersey has challenged that showing.

Jersey's arguments relate to effects that might occur at the site of the proposed deepwater port, which would be located well outside the "coastal environment" of New Jersey, as that term is defined in the law. Further, many of New Jersey's remaining arguments are based on possible adverse <u>economic</u> effects of construction of the port on the State's industries. These factors may have a role to play in the federal agencies' overall policy review of the Application but are not factors whose consideration Congress authorized in the "adjacent coastal State" analysis, which is limited to the harm posed to New Jersey's "coastal environment," a term that Congress defined narrowly.

-- New Jersey relies extensively on the risk of potential disruption of port traffic that could occur during construction of the port, because the underwater pipeline route – the one that ASIG actually has proposed – will cross two traffic lanes into New York and New Jersey ports. *Id.* at 4, 6, 10. For example, the Declaration of Dennis Lombardi relies on "the vital economic importance . . . of the Ports of New York and New Jersey, noting that they account for 13% of all ocean-borne cargo entering and leaving the United States" and explains "the potential risks that ASIG's propos[ed] LNG facility poses to Port Authority Operations." New Jersey Opp. at 21-22; Lombardi Dec. ¶¶ 3, 8-11. This factor is explicitly economic in nature and does not address environmental effects.

-- New Jersey also relies extensively on the potential adverse effect of the port on commercial and recreational fishing at Cholera Bank, where the port will be built. New Jersey Mem. at 4, 6; McCloy Declaration  However, Cholera Bank is located approximately 19 miles off the coast of New Jersey, and thus <u>falls outside the three-mile limit of the "coastal environment"</u> in which adverse effects may be considered in the "adjacent coastal State" analysis. While this factor may not be considered in the

"adjacent coastal State" analysis, it is relevant to the overall inter-agency review of the potential environmental effects of the project.

-- Finally, New Jersey seeks to supplement the Record by introducing several declarations by State officials regarding the possible impact of the proposed deepwater port. These materials were not part of the Administrative Record on which the Administrator based his "adjacent coastal State" determination, and the Administrator did not rely upon them in making that decision. Accordingly, these *post hoc* rationalizations of intervenors' counsel cannot be considered by the Court in reviewing the agency action. Under the APA, it is well established that an agency action may be justified only upon the rationale articulated by the agency and upon the Record that was before it at that time. *See, e.g., Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 50 (1983) ("[C]ourts may not accept appellate counsel's *post hoc* rationalizations for agency action. It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.")

Contrary to New Jersey's assertion, New Jersey Opp. at 32, ASIG does not seek to prevent New Jersey's from participating fully in the environmental assessment or to prevent "the development of a complete administrative record that properly reflects all interests that Congress sought to include under the DWPA." ASIG seeks only to make certain that the strict limits that Congress established in Sections 1502(5) and 1508(a)(2) for designation of an additional "adjacent coastal State" are followed. Even if New Jersey's designation as an "adjacent coastal State" is enjoined, as ASIG believes is compelled under the DWPA, the State will still have the right to participate fully in the

general environmental and policy argument that multiple federal agencies will perform, and its views "shall be given full consideration." 33 U.S.C. § 1508(b)(2).

New Jersey's suggestion that enjoining the Administrator's unlawful "adjacent coastal State" decision and its accompanying veto power will vitiate its ability to have its views considered in the inter-agency process and to protect the interests of its residents could not be further divorced from the reality of the environmental review process for such projects.

### Conclusion

For the reasons set forth above, New Jersey's Motion to Intervene should be denied. ASIG would have no objection, however, if New Jersey were to participate in this litigation in the status of *amicus curiae*, provided that its arguments are restricted to supporting the Defendants on the grounds upon which the Maritime Administrator actually relied in making his decision.

Respectfully submitted,

_/s/ John F. Cooney_
JOHN F. COONEY
(D.C. Bar No. 936336)
JAMES H. BURNLEY IV
(D.C. Bar No. 426299)
DAVID G. DICKMAN
(D.C. Bar No. 465010)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4812

March 21, 2008                    Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21[th] day of March 2008, copies of this Memorandum of Points and Authorities in Support of Plaintiff's Objection to Motion to Intervene of Jon S. Corzine, Governor of New Jersey, and State of New Jersey, pursuant to Federal Rule of Civil Procedure 24(a)(2) and proposed Order were served by the Court's ECF filing system on:

> Beverly Russell, Esq.
> U.S. Attorney's Office
> 555 4th Street, N.W.
> 4th Floor
> Washington, D.C. 20530

and by overnight delivery service on:

> Hon. Anne Milgram
> Attorney General of New Jersey
> R.J. Hughes Justice Complex
> 25 West Market Street
> P.O. Box 093
> Trenton, New Jersey 08625

/s/ John F. Cooney
John F. Cooney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC,          )<br>                                                                   )<br>                                        **Plaintiff,**  )<br>             v.                                              )<br>                                                                   )<br>SEAN T. CONNAUGHTON                      )<br>**Administrator**                                       )<br>**Maritime Administration,**                     )<br>                                                                   )<br>and                                                           )<br>                                                                   )<br>MARY E. PETERS,                                  )<br>**Secretary**                                              )<br>**Department of Transportation,**              )<br>                                                                   )<br>                                     **Defendants.**  ) | Civil Action No.<br>08-259 (RWR)<br><br><br>[PROPOSED] ORDER |

## ORDER

Upon consideration of Plaintiff's Opposition to the Motion for the Governor of New Jersey and the State of New Jersey to Intervene in this lawsuit, it is hereby

**ORDERED** that the Motion is denied. It is further

**ORDERED** that the Governor of New Jersey and the State of New Jersey may participate in this proceeding as <u>amici curiae</u>. Their presentations shall be limited to the issues on which the Maritime Administrator based the decision that is challenged in this litigation designating New Jersey as an additional "adjacent coastal State" and upon the factors that lawfully may be considered in that decision under the Deepwater Port Act.

**IT IS SO ORDERED**, this _____ day of _____ 2008.

_____
Richard W. Roberts
United States District Judge