UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC, )<br> )<br>  Plaintiff, )<br>   v. )<br> )<br>SEAN T. CONNAUGHTON )<br>Administrator )<br>Maritime Administration, and )<br> )<br>MARY E. PETERS, )<br>Secretary )<br>Department of Transportation, )<br> )<br>  Defendants. ) | Civil Action No.<br>08-00259 (RWR) |

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Atlantic Sea Island Group ("ASIG") hereby opposes Defendants' Motion to Dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff's Memorandum in Support of this Opposition was filed as part of its Reply Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction, which is incorporated herein by reference. [Document # 16].

In summary, the Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of constitutional standing should be denied because ASIG has properly pleaded that (1) Defendants violated the procedural rights granted it under the Deepwater Port Act concerning the process for evaluation of its Application for a license for such a port, under *Lujan v. Defenders of* Wildlife, 504 U.S. 555 (1992), *Massachusetts v. EPA*, 529 U.S. ___, 127 S. Ct. 1428 (2007), and *Florida Audubon Society v. Bentsen*, 94 F.3d 658

(D.C. Cir. 1996); and (2) ASIG has pleaded that it has suffered substantial economic injuries as a result of Defendants' actions, which are traceable to the Maritime Administrator's decision of November 2, 2007 designating New Jersey as an "adjacent coastal State" for purposes of ASIG's Application for a license under the Deepwater Port Act and which would be redressed by the invalidation of that decision.  Reply Mem. at 4-8.

The Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for lack of "final agency action" should be denied because the Administrator's decision constituted the culmination of his decisionmaking process, which determined rights or obligations and has immediate legal consequences for both ASIG and the State of New Jersey, and thus constitutes "final agency action" within the meaning of the Administrative Procedure Act, as that term is defined in *Bennett v. Spear*, 520 U.S. 154 (1997), and *Trudeau v. FTC*, 456 F.3d 178 (D.C. Cir. 2004).  Reply Mem. at 8-9.

A proposed Order denying the Motion is attached.

                                             Respectfully submitted,

                                             */s/ John F. Cooney*
                                             JOHN F. COONEY
                                             (D.C. Bar No. 936336)
                                             JAMES H. BURNLEY IV
                                             (D.C. Bar No. 426299)
                                             DAVID G. DICKMAN
                                             (D.C. Bar No. 465010)
                                             Venable LLP
                                             575 7th Street, N.W.
March 25, 2008                           Washington, D.C. 20004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SEAN T. CONNAUGHTON  )<br>Administrator  )<br>Maritime Administration, and  )<br>)<br>MARY E. PETERS,  )<br>Secretary  )<br>Department of Transportation,  )<br>)<br>Defendants.  ) | Civil Action No.<br>08-00259 (RWR)<br><br>[Proposed] ORDER |

## ORDER

Defendants' Motion to Dismiss is hereby denied.

Date: _____                              _____
                                                                       Richard W. Roberts
                                                                       Unites State District Judge