UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ATLANTIC SEA ISLAND GROUP, LLC,)
                               )
        Plaintiff,             )   Civil Action No. 08-00259-RWR
                               )
    v.                         )
                               )
SEAN T. CONNAUGHTON            )
Administrator
Maritime Administration, and   )

MARY E. PETERS,                )
Secretary
Department of Transportation,  )

        Defendants.            )

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO INTERVENE OF JON S. CORZINE, GOVERNOR OF NEW JERSEY, AND
STATE OF NEW JERSEY, PURSUANT TO FED. RULE CIV. PROC.24(A)(2)**

**ARGUMENT**

In their motion to intervene, movants-intervenors Jon S. Corzine, Governor of New Jersey, and the State of New Jersey, demonstrated that they are entitled to intervene in this matter pursuant to Rule 24(a)(2), based on their undisputed interest in defending New Jersey's designation as an "adjacent coastal state" under the Deepwater Port Act and in protecting New Jersey's coastal environment. As movants-intervenors explained in their opening Memorandum in Support of Intervention, New Jersey's coastal environment includes significant port facilities located in Elizabeth and Newark, New Jersey, a substantial fishing industry,

and beaches and scenic resources on New Jersey's coastline - all of which could be affected by ASIG's proposed project. Governor Corzine and the State of New Jersey submit this Reply Memorandum of Points and Authorities in support of their motion, in response to plaintiff Atlantic Sea Island Group's ("ASIG") opposition to intervention.

In opposing intervention by Governor Corzine and the State of New Jersey, ASIG concedes that Governor Corzine and New Jersey qualify for intervention of right, based on their clear interest in retaining New Jersey's designation as an adjacent coastal state pursuant to the Deepwater Port Act in the face of ASIG's efforts to enjoin and set aside the designation. Nevertheless, ASIG opposes intervention, based on a contention that movants-intervenors' interests are adequately represented by the federal defendants. To support this contention, ASIG inconsistently claims that movants-intervenors' arguments on the merits will likely replicate the arguments of the federal defendants, while also arguing that any additional arguments that movants-intervenors might make should not be considered. As set forth below, ASIG's opposition to intervention is based on a misreading of the applicable standards, and improperly relies on arguments addressing the merits of the "adjacent coastal state" designation as a basis for rejecting intervention.

ASIG suggests that an applicant for intervention must show

that representation of the applicant's interest by the existing parties "will" be inadequate. However, to intervene only a demonstration that representation "may" be inadequate is needed, *Dimond v. District of Columbia*, 792 F. 2d 179, 192 (D.C. Cir. 1986), and the burden of making that showing should be treated as "minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972). In addition, where an applicant seeks to intervene based on an interest in a transaction that may be impaired, Rule 24(a)(2) provides that the Court "must" permit the applicant to intervene, unless existing parties adequately represent the applicant's interest. Governor Corzine and New Jersey have clearly demonstrated that they meet this minimal standard, assuming it is their burden to do so. Cf. *Fund for Animals, Inc. V. Norton*, 322 F. 3d 728, 736 n.7 (D.C. Cir. 2003)("Our cases are inconsistent as to who bears the burden with respect to this [the adequate representation] factor.")

Here, movants-intervenors' interest in this matter is completely distinct from, and more focused than, that of the federal defendants. Under those circumstances, the federal defendants simply do not - and cannot - represent movants-intervenors' interests. Movants-intervenors are the direct beneficiaries of the "adjacent coastal state" designation made by the federal defendants, which ASIG seeks to overturn. Thus, while the federal defendants can be expected to defend their designation

of New Jersey as an adjacent coastal state, the federal defendants simply do not and cannot represent the interest of Governor Corzine and New Jersey have in retaining New Jersey's adjacent coastal state designation. Given these undisputed facts, the motion to intervene must be granted.

ASIG argues that because the federal defendants granted New Jersey's petition to be an adjacent coastal state, and ASIG expects the federal defendants to make the same arguments in defense of the designation that movants-intervenors would make, Governor Corzine and New Jersey should be precluded from intervening (Plaintiff's Memorandum in Opposition to Intervention at 4 - 5). However, notwithstanding ASIG's contentions, the right to intervene does not depend on whether an applicant for intervention and an existing party are in current agreement on a particular issue, or depend on the adequacy of counsel for any existing party. Rather, Rule 24 requires a comparison of the *interests* of the existing parties to those of the absent party, not a comparison of the arguments any party is expected to make. *Fund for Animals, supra*, 322 F. 3d at 737. Here, it is undisputed that the federal defendants' interests are separate from those of movants-intervenors, and that counsel for the federal defendants does not and cannot represent movants-intervenors. Given these facts, intervention cannot be denied simply because ASIG anticipates that the federal defendants and movants-intervenors may make similar arguments in defending New

Jersey's adjacent coastal state designation. See *Nuesse v. Camp*, 385 F. 2d 694, 702-703 (D. C. Cir. 1967)(representation by existing parties is inadequate, where interests of existing parties and movant-intervenor "may not coincide" and the interests have different scopes); *Natural Resource Defense Council v. Costle*, 561 F. 2d 904, 912-13 (D.C. Cir. 1977)(allowing rubber and chemical companies to intervene in support of USEPA regulation, because their interest was "more narrow and focused than EPA's" and based on "the acknowledged impact that regulation can be expected to have on their operations"); *Smuck v. Hobson*, 408 F. 2d 175, 181 (D. C. Cir. 1969)(school board did not adequately represent the interests of intervening parents, because the board represented all students while the intervening parents' interests centered on the education of their own children).

In addition to opposing intervention because the arguments on the merits of federal defendants and movants-intervenors may overlap, ASIG also opposes intervention because movants-intervenors may make arguments in support of New Jersey's adjacent coastal state designation that, in ASIG's view, should not be considered when the merits of this controversy are addressed (Plaintiff's Memorandum in Opposition to Intervention at 7). For example, ASIG contends that New Jersey should not be allowed to support its designation as an adjacent costal state by explaining that an alternative pipeline alignment would be located within nine miles

of New Jersey, even though selection of this alternative would automatically make New Jersey an adjacent coastal state under 33 U.S.C. §1508(a)(1). Similarly, ASIG contends that New Jersey should be precluded from supporting the designation by focusing on the economic impacts that the ASIG project could have on New Jersey's coastal environment.

These inconsistent contentions do not address the standards for intervention, and are irrelevant to determining whether Governor Corzine and the State of New Jersey meet those standards. To determine whether New Jersey's interests may be impaired in this action and thus whether Governor Corzine and New Jersey qualify to intervene, it is entirely appropriate to examine potential economic impacts within New Jersey's coastal environment. It also is completely proper to consider alternative pipeline alignments which, if selected while New Jersey's "adjacent coastal state designation" is enjoined, could make New Jersey an "adjacent coastal state" after the fact.[1]

Finally, ASIG's narrow view of what arguments Governor Corzine and New Jersey can make to support the adjacent coastal state designation, and efforts to limit what interests New Jersey can seek to protect through intervention, demonstrate exactly why

---

[1] ASIG's suggestion that Governor Corzine and New Jersey appear as amicus should be rejected. The limited rights of an amicus are wholly insufficient to protect New Jersey's interests in this case. See *Nuesse, supra*, 385 F. 2d at 704 n. 10.

intervention must be allowed in this case.  New Jersey has a clear and distinct interest in protecting its "adjacent coastal state" designation, and in protecting both the ecological and the economic aspects of its coastal environment. As previously explained, ASIG's proposed deepwater port may pose a risk to key parts of New Jersey's coastal environment, including significant port facilities, a substantial fishing industry, and beaches and scenic resources on New Jersey's coastline.  In light of New Jersey's heightened familiarity with and focused interest in protecting its coastal environment and these critical parts of that environment, Rule 24(a)(2) requires that Governor Corzine and New Jersey be allowed to intervene to defend New Jersey's "adjacent coastal state" designation and to determine what arguments to make in support of the designation.

## **CONCLUSION**

For all these reasons and those stated previously, the motion of Jon S. Corzine, Governor, State of New Jersey, and State of New Jersey to intervene pursuant to Rule 24(a)(2) should be granted.

                    Respectfully,

                    ANNE MILGRAM
                    Attorney General of New Jersey

                    By:   /s/ Rachel Horowitz
                        Rachel Horowitz
                        Deputy Attorney General
                        R.J. Hughes Justice Complex
                        25 West Market Street
                        P.O. Box 093
                        Trenton, New Jersey 08625-0093
                        (609)984-6811

March 26, 2008

```
ANNE MILGRAM
Attorney General Of New Jersey
Attorney for Movants-Intervenors
Jon S. Corzine, Governor, State
of New Jersey, and State of
New Jersey
R.J. Hughes Justice Complex
25 West Market St.
P.O. Box 093
Trenton, New Jersey 08625-0093
```

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP, LLC,) | |
| Plaintiff, ) | Civil Action No. 08-00259-RWR |
| v. ) | |
| SEAN T. CONNAUGHTON ) Administrator Maritime Administration, and ) | CERTIFICATE OF SERVICE |
| MARY E. PETERS, ) Secretary Department of Transportation, ) | |
| Defendants. ) | |

I hereby certify that on March 26, 2008, copies of the Reply Memorandum of Points and Authorities of Jon S. Corzine, Governor, State of New Jersey and State of New Jersey, in support of motion to intervene pursuant to Fed. Rule Civ. Proc. 24(a)(2), were served on the following counsel by electronic mail and by overnight mail:

```
Beverly Russell                     John F. Cooney
U.S Attorney's Office               Venable LLP
for the District of                 575 7th Street NW
Columbia, Civil Division            Washington, DC 20004
555 Fourth St. NW, Rm. E-4915       JFCooney@Venable.com
Washington, DC 20530
beverly.russell@usdoj.gov
```

```
                                         /s/Rachel Horowitz
                                        Rachel Horowitz
March 26, 2008
```