UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC,      )<br>                                                                )<br>                              **Plaintiff,**      )<br>                                                                )<br>        v.                                                  )<br>                                                                )<br>SEAN T. CONNAUGHTON                    )<br>Administrator                                        )<br>Maritime Administration, and            )<br>                                                                )<br>MARY E. PETERS,                                )<br>Secretary                                              )<br>Department of Transportation,          )<br>                                                                )<br>                              **Defendants.**   ) | Civil Action No.<br>08-00259 (RWR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT ITS REPLY
MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PRELIMINARY
INJUNCTION BY SUBMITTING AN ADDITIONAL DOCUMENT**

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Plaintiff Atlantic Sea Island Group ("ASIG") hereby requests that the Court grant it Leave to Supplement its Motion for a Preliminary Injunction by submitting in support of that Motion a letter that it received from the Coast Guard and the Maritime Administration since it filed its Reply Brief in support of its Motion for a Preliminary Injunction on March 24, 2008. (Exhibit 1) The letter from the two agencies is dated March 26, 2008 and was received on the same date. The letter explicitly threatens ASIG with denial of its Application for a deepwater port license if it does not take the steps ordered by the agencies to implement New Jersey's designation as an "adjacent coastal State."

The March 26, 2008 letter has direct bearing on the issues presented by the pending Motion for a Preliminary Injunction. First, Defendants have directed ASIG to

revise its contract with its environmental contractor to authorize that entity to undertake the environmental scoping, assessment and evaluation of impacts, preparations for a public hearing in New Jersey necessitated by the State's designation as an "adjacent coastal State." The letter also threatens ASIG with the potential denial of a license if it does not take these steps. The letter thus completely refutes the government's argument that the threat of irreparable injury to ASIG is speculative or hypothetical until New Jersey decides whether or not to exercise its veto power. The threat of irreparable injury is tangible and immediate, and has been brandished by Defendants in explicit terms.

Second, the issue on which the agencies have directed ASIG to take action, subject to a threat of indefinite suspension or denial of its Application, is precisely the question that is pending before the Court and is ripe for resolution on ASIG's Motion for a Preliminary Injunction, namely whether the designation of New Jersey as an "adjacent coastal State" should be overturned for violation of the Deepwater Port Act. The March 26th action by the Coast Guard and the Maritime Administration demonstrates that it is critically important that the Court conduct a Hearing on the Motion for a Preliminary Injunction as soon as possible, before the agencies can take action on their explicit threat of possibly denying ASIG its license based on the very point on which ASIG seeks judicial review.

## Argument

Fed. R. Civ. P. 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Court has broad discretion under Rule 15 to grant such a motion,

2

and leave may liberally be allowed in the absence of a reason, such as undue delay, bad faith, or undue prejudice to the other party by allowing supplementation of the pleading to reflect subsequent events. *See Foman v.* Davis, 371 U.S. 178, 182 (1962).

ASIG satisfies the standard for allowing leave to supplement its Reply Brief in Support of its Motion for a Preliminary Injunction. This Motion is filed promptly upon the occurrence of a new event, and Defendants will not be prejudiced by allowing supplementation of that pleading. Further, granting the Motion will not delay resolution of the Motion for a Preliminary Injunction, which has been briefed but for which no hearing date has been established.

In its Opposition to the Motion for a Preliminary Injunction filed March 17, 2008, Defendants argued among other things that the suspension in processing of ASIG's Application was due to the company's failure to have signed a contract with a third-party environmental contractor. Def. Opp. at 35-36. In reality, ASIG had signed such a contract and had submitted it to the Coast Guard on March 13, 2008.

In its Opposition to the Motion for a Preliminary Injunction, Defendants' principal argument on the equitable factors was that ASIG was suffering no harm, and would suffer no harm in the interim while this case was being litigated. They argued that any claim of harm was premature and speculative prior to completion of processing of its Application, when New Jersey would decide whether to exercise its veto; and if the State did exercise its veto, then ASIG could obtain full judicial relief at that time.

On March 24, 2008, ASIG filed its Reply Memorandum in support of its Motion for a Preliminary Injunction, arguing that it was currently suffering irreparable harm and would continue to suffer such harm throughout the Application review process unless the

unlawful designation of New Jersey as an "adjacent coastal State" was overturned. With the submission of ASIG's Reply, the preliminary injunction issue was fully briefed and ready for decision by the Court. No hearing has yet been scheduled on the preliminary injunction issue.

On March 26, 2008, two days after ASIG's Reply was served, the Coast Guard and the Maritime Administration sent ASIG the letter it seeks leave to file. The letter acknowledged that ASIG had submitted to the Coast Guard its contract with the third-party environmental contractor but ordered that the contract be modified. Specifically, the letter stated that because New Jersey had been designated as an Adjacent Coastal State, "coordination with New Jersey State government is necessary and scoping meetings, Draft EIS public meetings, and Final Deepwater Port Act Licensing Hearings(s) will be held in New Jersey." *Id.* at 1. The letter mandated that "the contract with [the environmental contractor] must be modified to include assessment and evaluation of impacts, including holding public meeting(s), within the State of New Jersey." *Id.* The letter then closed with a warning:

> If reasonable progress to provide the necessary information and contract changes are not made, the Coast Guard will consider recommending to the Maritime Administration that he indefinitely suspend the application process or <u>deny the license pursuant to 33 C.F.R. 148.107</u>.

*Id.* at 2 (emphasis added).

ASIG submits that the threat set forth in the agencies' letter is important to resolution of the Motion for a Preliminary Injunction and therefore should be included in the record for this Court's consideration. The agencies mandate that the contract be amended to authorize the third-party environmental contractor to perform steps that will be expensive and time consuming. ASIG worked approximately two years to prepare the

4

aspects of its Application related to potential environmental implications for the "adjacent coastal State" of New York, which the agencies deemed complete in August 2007. A similar degree of effort likely would be required to perform such an analysis for New Jersey, so the adverse effects of the designation of New Jersey will be felt immediately.

The explicit threat of indefinite suspension or denial of the license for failure to comply with this directive confirms ASIG's point that the unlawful designation of New Jersey as an additional "adjacent coastal State" constitutes a gun held to its head. Unless the illegal designation of New Jersey is overturned, ASIG will be subjected to similar coercion throughout the Application processing period, either by the federal agencies or by New Jersey. Thus, contrary to Defendants' argument opposing the Motion for a Preliminary Injunction, their own subsequent actions demonstrate that the harms ASIG faces are immediate and potentially devastating to its ability to obtain a fair decision on its Application.

Further, the agencies' action demonstrates that it is important for the Court to set an early hearing date for resolution of the Motion for a Preliminary Injunction. The issue on which the agencies have issued an order to ASIG, subject to the penalty of indefinite suspension or denial of an Application on which it already has spent millions of dollars, is precisely the question that is pending before the Court in the Motion for a Preliminary Injunction. The agencies essentially have threatened retaliation against ASIG for having asked this Court to determine whether the Maritime Administrator had the legal authority to designate New Jersey as an additional "adjacent coastal State" for purposes of its Application. Thus, the agencies' own action demonstrates how critical it is that this

Motion be heard and resolved as soon as possible, to prevent Defendants from taking illegal actions that further injure ASIG and to preserve the company's ability to obtain a fair resolution of its Application for this important infrastructure project.

## Conclusion

For the reasons set forth above, the Court should grant Plaintiff's Motion for Leave to Supplement its Reply Memorandum in Support of its Motion for a Preliminary Injunction by Submitting an Additional Document.

Respectfully submitted,

/s/ John F. Cooney
JOHN F. COONEY
(D.C. Bar No. 936336)
JAMES H. BURNLEY IV
(D.C. Bar No. 426299)
DAVID G. DICKMAN
(D.C. Bar No. 465010)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004

March 28, 2008

**U.S. Department of Homeland Security**

**United States Coast Guard**

Commandant
United States Coast Guard

2100 Second Street, S.W.
Washington, DC 20593-0001
Staff Symbol: CG-5225
Phone: (202) 372-1454
Fax: (202) 372-1926
Email: mary.k.jager@uscg.mil

16613
March 26, 2008

Mr. William VanHerwarde
Executive Vice President
Atlantic Sea Island Group LLC
Chrysler Building 26th Floor
405 Lexington Avenue
New York, NY 10174

Dear Mr. VanHerwarde:

Thank you for your email communication of March 13, 2008, that copied Mary K. Jager, Coast Guard Project Manager. The message included an attached copy of an executed contract with e2M as the third party contractor for the Atlantic Sea Island Group (ASIG) project. The selection of e2M was as a replacement for Mangi Environmental, Inc., the original third party contractor that was terminated by ASIG. That termination was a contributing factor in the decision to maintain the October 24, 2007 suspension of the Deepwater Port Act processing timeline. Without an environmental contractor in place the information necessary to continue processing the ASIG application was unavailable and thus the suspension could not be removed. The Coast Guard and Maritime Administration project teams met with e2M on March 20, 2008, to evaluate the actions and timing for moving ahead with the processing of your application.

At this point, e2M has been instructed by Coast Guard and the Maritime Administration to review the ASIG application and begin preparing for scoping meetings in the states of New York and New Jersey. It is our understanding that your contract with e2M is based on a Request for Proposal (RFP) from May 2007 and assumes state involvement from New York only. Please be aware that since that RFP was issued, New Jersey, upon request of New Jersey Governor Jon Corzine, has been designated as an Adjacent Coastal State (ACS) by the Maritime Administrator. Therefore, coordination with New Jersey State government is necessary and scoping meetings, Draft EIS public meetings, and Final Deepwater Port Act Licensing Hearing(s) will be held in New Jersey. Regardless of the ACS status of New Jersey, scoping meetings will be required in both New York and New Jersey as part of our public involvement activities under the National Environmental Policy Act (NEPA). As previously discussed with you and as referenced in our letter of November 15, 2007, this letter re-confirms that the contract with e2M must be modified to include assessment and evaluation of impacts, including holding public meeting(s), within the State of New Jersey.

It is also our understanding that your contract with e2M does not include a Scope of Work for an environmental and financial review of decommissioning, including an independent financial review of decommissioning costs. This requirement was communicated to you as essential to the federal evaluation process in our letters dated August 15, 2007, October 24, 2007, and November 15, 2007. The contract with e2M must be amended to provide the additional decommissioning information specified in this letter and as communicated to you on multiple occasions in the past. Until the appropriate third party contract modifications and other information necessary for the resumption of processing of the ASIG application are received by the Coast Guard and the

Subj: Safe Harbor Energy Deepwater Port

16613
March 26, 2008

Maritime Administration, we will be unable to restart the statutory time clock. If reasonable progress to provide the necessary information and contract changes are not made, the Coast Guard will consider recommending to the Maritime Administrator that he indefinitely suspend the application processing or deny the license pursuant to 33 C.F.R. 148.107.

Thank you again for sending to us an executed copy of the third party contract and we look forward to working with e2M as they assist us with the processing of the ASIG application.

If you have any questions, please contact Ms. Mary Jager of the Coast Guard at (202) 372-1454.

Sincerely,

H. Keith Lesnick
Director, Office of Deepwater Ports Licensing
and Offshore Activities
Maritime Administration

M. A. Prescott
Chief, Deepwater Ports Standards Division
U.S. Coast Guard
By direction

2