UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC,  )<br>   )<br>Plaintiff  )<br>   )<br>v.  )<br>   )<br>SEAN T. CONNAUGHTON,  )<br> Administrator, Maritime Administration,  )<br>   )<br>and  )<br>   )<br>MARY E. PETERS,  )<br> Secretary, U.S. Department of Transportation,  )<br>   )<br>Defendants.  )<br>   ) | Civil Action No. 08-00259(RWR) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
"MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFF'S
REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR A
PRELIMINARY INJUNCTION BY SUBMITTING AN ADDITIONAL DOCUMENT"**

Plaintiff Atlantic Sea Island Group ("ASIG") has moved for leave to supplement its reply memorandum based on a March 26, 2008 letter from representatives of the Maritime Administration and the Coast Guard to an executive with ASIG. Plaintiff argues that the March 26, 2008 letter refutes Defendants' argument that the threat of irreparable harm to ASIG is speculative, and further, that the letter suggests a possible retaliatory motive on Defendants's part resulting from ASIG's request for judicial review of the Maritime Administrator's decision designating New Jersey as an adjacent coastal State ("ACS"). Because the premises upon which Plaintiff has moved for leave to file the March 26, 2008 document are without merit, Defendants oppose Plaintiff's requested relief.

At the outset, Defendants respectfully submit that the March 26, 2008 letter must be placed in context. Specifically, the letter expressly notes that, regardless of the ACS status of New Jersey, Plaintiff would be required to hold scoping meetings in both New York and New Jersey. Thus, Plaintiff will have to devote the necessary resources for this effort irrespective of the disposition on the pending motion for a preliminary injunction. As to the other meetings noted in the March 26, 2008 letter, including Draft EIS meetings and Final Deepwater Port Act Licensing Hearings, it bears reiterating that the average time from the date an application is deemed completed to publication in the Federal Register of the Notice of Availability of a Draft Environmental Impact Statement is 276 days. See R. 11, Defs.' Mot. Dismiss and Op. to Pl.'s Mot. Prelim. Inj., Ex. 14, Processing Timeline Declaration of Mark A. Prescott, ¶¶ 4-5, March 7, 2008. Accordingly, given this time frame, Plaintiff's argument that it would suffer irreparable harm if not granted an immediate preliminary injunction is devoid of merit.

Defendants additionally note that the March 26, 2008 letter is the most recent in a series of letters predating the filing of this suit and the Maritime Administration's ACS determination reflecting the Maritime Administration's and the Coast Guard's efforts to ensure that Plaintiff undertakes an adequate environmental review. Notably, the March 26, 2008 letter is the Agency's and Coast Guard's fourth regarding ASIG's deficient effort as related to an environmental and financial review of decommissioning. See Pl.'s Mot Leave to Suppl. Pl.'s Reply Mem., Letter from H. Keith Lesnick and M.A. Prescott, to William VanHerwarde, March 26, 2008 (attached thereto). By letter dated June 27, 2007, the Maritime Administration and the Coast Guard informed Plaintiff that its project must include a decommissioning in accordance with the Deepwater Port Act, specifically, a proposal to remove the deepwater port including

disposal of the island at the end of its service life and details of the potential environmental impacts of complete removal. See Ex. 1, Letter from H. Keith Lesnick and M.A. Prescott to William VanHerwarde, June 27, 2008. This point was reiterated in letters dated August 15, 2007 and October 24, 2007 to Plaintiff. Ex. 2 and 3. As such, and as evidenced above, the March 26, 2008 letter reflects an on-going effort by the Maritime Administration and the Coast Guard to move Plaintiff's application forward notwithstanding intransigency on Plaintiff's part.

What is absent from the letter, however, is any evidence of irreparable harm if a preliminary injunction is not granted or of retaliatory animus on Defendants' part. Regarding the latter, Plaintiff focuses on the statement, in the March 26, 2008 letter, indicating that [i]f reasonable progress to provide. . .necessary information and contract changes are not made, the Coast Guard will consider recommending to the Maritime Administrator that he indefinitely suspend the application or deny the license pursuant to 33 C.F.R. § 148.107." However, the statement is not a gun targeted towards Plaintiff, Pl.'s Mem. at 5, but instead simply recites the regulatory provision at 33 C.F.R. § 148.107(c). Further undermining Plaintiff's argument in this regard is a letter demonstrating that the Coast Guard took a similar position in an unrelated matter almost three years before this case was filed towards another deepwater port applicant based upon a deficiency with an environmental impact statement. In a letter dated May 11, 2005, the Coast Guard stated that, unless the applicant provided an immediate response as to the applicant's intention to proceed with an environmental impact statement, the Coast Guard was prepared to suspend all work pertaining to the project. Ex. 4, Letter from M.A. Prescott to ChevronTexaco Global Gas, May 11, 2005. Accordingly, given the Coast Guard's similar actions in another deepwater port matter, and the regulatory provision at 33 C.F.R. § 148.107,

Plaintiff's argument that the March 26, 2008 is retaliatory and reflects that Plaintiff is somehow being subjected to or singled out for unusually negative treatment is without merit.

Thus, for reasons stated herein, Defendant respectfully opposes Plaintiff's motion for leave to supplement its motion for a preliminary injunction by submitting an additional document. The March 26, 2008 letter at issue is not probative for purposes of consideration of the pending Motion for a Preliminary Injunction.

        Respectfully Submitted,

        /s/ Jeffrey A. Taylor /mj
        _____
        JEFFREY A. TAYLOR, D.C. BAR #498610
        United States Attorney

        /s/ Rudolph Contreras
        _____
        RUDOLPH CONTRERAS, D.C. BAR #434122
        Assistant United States Attorney

        /s/ Beverly M. Russell

Of Counsel:        _____
PAUL M. GEIER.        BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant General Counsel for        Assistant United States Attorney
 Litigation        U.S. Attorney's Office for the District of Columbia
DALE C. ANDREWS        555 4th Street, N.W., Rm. E-4915
Deputy Assistant General Counsel        Washington, D.C. 20530
 for Litigation        Ph:  (202) 307-0492
PETER J. PLOCKI        Fax: (202) 514-8780
Senior Trial Attorney        E-mail: beverly.russell@usdoj.gov
Department of Transportation

LANE H. NEMIROW
Trial Attorney
T.MITCHELL HUDSON
Attorney Advisor
Maritime Administration
Department of Transportation
Washington, D.C.  20590

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of ***Defendants' Opposition to Plaintiff's "Motion for Leave to Supplement Plaintiff's Reply Memorandum in Support of Its Motion for a Preliminary Injunction by Submitting an Additional Document"*** was made by the Court's Electronic Case Filing System, this 2nd day of April, 2008 to:

John F. Cooney
Venable, LLP
575 Seventh Street, N.W.
Washington, D.C. 20004
jfcooney@venable.com

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney