# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>SEAN T. CONNAUGHTON, )<br>  Administrator, Maritime Administration, )<br>)<br>and )<br>)<br>MARY E. PETERS, )<br>  Secretary, U.S. Department of Transportation, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 08-00259(RWR) |

## DEFENDANTS' NOTICE OF FILING

Today, April 2, 2008, Defendants filed their *Opposition to Plaintiff's "Motion for Leave to Supplement Plaintiff's Reply Memorandum in Support of Its Motion for a Preliminary Injunction by Submitting an Additional Document."* In filing the Opposition, Defendants' counsel inadvertently failed to file the exhibits supporting the Opposition. Accordingly, attached hereto are the referenced exhibits.

Respectfully Submitted:

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of ***Defendants' Notice of Filing*** was made by the

Court's Electronic Case Filing System, this <u>2nd</u> day of April, 2008 to:

John F. Cooney
Venable, LLP
575 Seventh Street, N.W.
Washington, D.C. 20004
jfcooney@venable.com


                                                /s/ Beverly M. Russell
                                            _____
                                            BEVERLY M. RUSSELL
                                            Assistant United States Attorney

U.S. Department of Homeland Security

United States Coast Guard

Commandant
United States Coast Guard

Ex. 1 to Defs.' Op. to Pl.'s Mot. Leave to Supp. Pl.'s Reply

Washington, DC 20593-0001
Staff Symbol: CG-3PSO-5
Phone: (202) 372-1454
Fax: (202) 372-1926
Email: mary.k.jager@uscg.mil

16613
27 June 2007

Mr. William VanHerwarde
Executive Vice President
Atlantic Sea Island Group, LLC
Chrysler Bldg, 26th floor
405 Lexington Avenue
New York, NY 10174

Dear Mr. VanHerwarde:

This letter is to inform you of the results of the U.S. Coast Guard and Maritime Administration review of supplemental information submitted on May 8, 2007, in support of Atlantic Sea Island Group LLC's deepwater port license application. The review was performed to determine application completeness for processing in accordance with the Deepwater Port Act of 1974 (DWPA), as amended. As discussed with you on June 11, 2007, we have determined that the application remains incomplete. The following issues must be addressed before the application can be deemed complete:

The project proposed in your application must include decommissioning in accordance with the DWPA. Specifically required is a proposal to completely remove the deepwater port including disposal of the island at the end of its service life and the potential environmental impacts of complete removal. As we discussed, the information previously provided regarding decommissioning can be used as an alternative to complete removal.

As stated, the Maritime Administration completed its review of the most recent information provided by your company regarding financing of the proposed Safe Harbor deepwater port, and determined that more detailed information regarding the financial arrangements for construction, operation, and decommissioning of the deepwater port facility is still required. In particular, the Maritime Administration is concerned about the cost of decommissioning all components of the facility, including the island.

Accordingly, the Maritime Administration will require a separate detailed decommissioning plan and a corresponding cost estimate for the facility, including complete removal of the island and all other structures related to the deepwater port. The plan must include the cost of any environmental remediation, physical removal of all parts of the island, disposal of such materials, and any other action necessary to return the area to its original condition. The company and/or its investor(s) will be required to demonstrate its financial ability to decommission the facility.

Subj: ATLANTIC SEA ISLAND GROUP INCOMPLETE APPLICATION          16613
                                                                27 June 2007

Further, the Maritime Administration wishes to advise that the information provided regarding the construction and operation of the facility was inadequate for the purposes of determining financial responsibility. While we appreciate your company's efforts in attempting to arrange financing for the project, the Maritime Administration still requires complete financial statements from all parties that will provide funding for the proposed project. We note that at this stage of the review process, the proposed investors can not be considered acceptable until detailed information concerning their individual ability to finance the Safe Harbor project is provided. We also note that no information was provided regarding the amount of debt financing to be arranged or the availability of a guarantor(s) for the project. As such, please provide details regarding the amount and sources of debt financing, with supporting documentation, your company plans to obtain and the availability of a guarantor(s) for the project.

Finally, the application must include complete discussions about a range of reasonable alternatives, including your proposed project. The discussion of alternatives must include objective evaluation and be equally and rigorously analyzed to enable a reviewer to evaluate and compare alternatives, including the proposed project. In order for us to complete the required evaluation of your project under NEPA, we require your application to include a range of reasonable alternatives to the proposed project. Generally this means other site location(s), alternative regasification technology or technologies, and alternative port design(s) as appropriate. As discussed, we recommend you include the pipeline routing directly to shore that you had previously submitted as an alternative to the offshore interconnect currently proposed.

Despite the request for additional information above, you and your staff have done a commendable job in the preparation of your deepwater port application.

If you have any questions or concerns regarding these matters, please don't hesitate to contact Ms. Mary Jager, USCG project manager for your application at (202) 372-1454 or for questions related to project financing, please contact Mr. Greg Sparkman of the Maritime Administration at 202-366-1908.

                                       Sincerely,

| H. Keith Lesnick                               | M. A. PRESCOTT                              |
| Director, Office of Deepwater Port Licensing   | Chief, Deepwater Ports Standards Division   |
| and Offshore Activities                        | U.S. Coast Guard                            |
| U. S. Maritime Administration                  | By direction                                |

U.S. Department of Homeland Security

United States Coast Guard

Commandant
United States Coast Guard

2100 Second Street, S.W.
Washington, DC 20593-0001
Staff Symbol: CG-3PSO-5
Phone: (202) 372 - 1454
Fax: (202) 372-1926
Email: mary.k.jager@uscg.mil

Ex. 2 to Defs.' Op. to Pl.'s Mot. Leave to Suppl. Pl.'s Reply

16613
August 15, 2007

Mr. William VanHerwarde
Executive Vice President
Atlantic Sea Island Group LLC
Chrysler Building 26th Floor
405 Lexington Avenue
New York, NY 10174

Dear Mr. VanHerwarde:

In accordance with the Deepwater Port Act, Title 33, United States Code 1504(c)(1), we have completed our review of the Atlantic Sea Island Group LLC (ASIG) deepwater port license application to own, construct, and operate a liquefied natural gas deepwater port submitted on September 13, 2006, the supplemental information submitted on May 8, 2007, and your responses to our June 27, 2007 letter of incompleteness Based on our review we have determined that the application appears to contain sufficient information to begin processing. This project will be known as Safe Harbor Energy.

While we have received sufficient information to initiate the processing of the application, there are still outstanding items that will need to be provided in order for incorporation into the draft Environmental Impact Statement (EIS). The Coast Guard has identified, by separate letter, the environmental consultant selected by them for assisting in the development of the EIS. ASIG will need to execute a contract quickly to facilitate the timely processing of your application and the development of an Environmental Impact Statement in accordance with the National Environmental Policy Act (NEPA). As agreed to in your August 6 meeting with Maritime Administration officials, this may include an additional contractor to conduct a comprehensive study of the impacts associated with decommissioning of the proposed island after its useful life, including an independent financial review of cost estimates provided for removal of the island. We have agreed to accept this information at a later date but it will need to be completed and/or included in the Draft EIS. You should also expect to receive periodic requests for additional information or clarification of existing information already in your submission from us to satisfy requirements under NEPA and DWPA.

We will be publishing a Notice of Application in the Federal Register that will designate New York as the adjacent coastal state for the proposed deepwater port. Additional coastal states may be designated in the future as well. Throughout this process, we will consult with the State of New York and several other federal agencies to ensure timely processing of your application in order for the Maritime Administrator, on behalf of the Secretary of Transportation, to render an informed licensing decision.

If you have any questions, please don't hesitate to contact Ms. Mary Jager of my staff at (202) 372-1454, or Mr. Keith Lesnick of the Maritime Administration at (202) 366-1624. We look forward to working with you in the future.

Sincerely,

M.A. PRESCOTT
Chief, Deepwater Ports Standards Division
U.S. Coast Guard
By direction

H. KEITH LESNICK
Director, Office of Deepwater Ports Licensing
And Offshore Activities
U.S. Maritime Administration

**U.S. Department of Homeland Security**

**United States Coast Guard**

Commandant
United States Coast Guard

Ex. 3 to Defs.' Op. to Pl.'s Mot. Leave to Suppl. Pl.'s Reply
2100 Second Street, S.W.
Washington, DC 20593-0001
Staff Symbol: CG-5225
Phone: (202) 372-1454
Fax: (202) 372-1926
Email: mary.k.jager@uscg.mil

16613
October 24, 2007

Atlantic Sea Island Group LLC
Attn: Mr. William VanHerwarde
Executive Vice President
Chrysler Building
405 Lexington Avenue, 26th Floor
New York, NY 10174

Dear Mr. VanHerwarde,

This letter is in regard to Atlantic Sea Island Group LLC's (ASIG) pending application for a license under the Deepwater Port Act of 1974 (DWPA) (33 U.S.C. §§1501 et seq) to own, construct, and operate the Safe Harbor Energy LNG Deepwater Port and associated pipeline off the coast of New York in federal waters. Our letter of August 15, 2007, indicated that based on a review by the US Coast Guard and other federal agencies, ASIG's application for the Safe Harbor Energy project appeared complete for purposes of processing under the DWPA.

In that letter we also indicated that an environmental consultant was necessary to assist the Coast Guard in developing the Environmental Impact Statement (EIS) in accordance with the National Environmental Policy Act (NEPA) and the DWPA. You agreed to provide a Third Party Contractor for that purpose. You also agreed to provide for a contractor to conduct a comprehensive study of the impacts associated with decommissioning of the proposed island after its useful life, including an independent financial review of cost estimates associated with removal of the island. Incorporated into the completeness letter was an agreement made August 6th with Maritime Administration officials that a comprehensive study of the impacts associated with decommissioning, including an independent financial review of cost estimates for removal of the island, would be completed and included in the Draft EIS. In the Coast Guard's letter of August 14, 2007, Mr. Prescott indicated our desire to use the selected third party contractor to perform the project's decommissioning plan and independent financial review of associated costs. He also indicated the likelihood of new requirements arising that may exceed the scope of the existing contract and indicated our desire that you resolve these contract issues promptly.

To date you have executed a contract with the Coast Guard selected environmental consultant, who has begun work under the direction of Coast Guard and Maritime Administration on both the Draft EIS and required decommissioning information. We have been informed by both the environmental consultant and you that differences exist in the interpretation of the contract. The resolution of these differences has resulted in a delay or suspension of work necessary for the Maritime Administration and Coast Guard development of information to fulfill their obligations under DWPA and NEPA. We discussed potential impacts of the delay with you during a meeting at Coast Guard headquarters on October 23, 2007.

Based on the need for additional information, and as allowed under 33 CFR Sec 148.107, we have determined that in order to complete the EIS for this project within the timeframe required by the DWPA, we must suspend the time line for processing the license application until the required information has been received and found to be sufficient to incorporate into the EIS. The period of this suspension shall not be counted in determining the date prescribed by the time limits set forth in 33 USC §§1504(g) and 1504(i)(4) of the DWPA.

Subj: Safe Harbor Energy LNG Deepwater Port Timeline Suspension          16613
                                                                          October 24, 2007

Our goal is to develop a technically sound EIS in accordance with NEPA, and to provide adequate information for the Maritime Administrator to use in making a determination on the license application. We appreciate your efforts in working with us to achieve this goal. If you have any questions you may contact us, or the Coast Guard's project manager for the Safe Harbor Energy project, Mary Kate Jager at 202-372-1454.

                              Sincerely,

M.A. PRESCOTT                              H. KEITH LESNICK
Chief, Deepwater Ports Standards Division  Director, Office of Deepwater Ports Licensing
U.S. Coast Guard                           and Offshore Activities
By direction                               U.S. Maritime Administration

2

**U.S. Department of Homeland Security**

**United States Coast Guard**

Commandant  Ex. 4 to Defs.' Op. to Pl.'s Mot. Leave to Suppl. Pl.'s Reply
United States Coast Guard
2100 Second Street, S.W.
Washington, DC 20593-0001
Staff Symbol: G-MSO-5
Phone: (202) 267-0225
Fax: (202) 267-4570
Email: mprescott@comdt.uscg.mil

16613
May 11, 2005

ChevronTexaco Global Gas
Attn: Mr. Michael De Nicola
P.O. Box 1404
Houston, TX 77251-1404

Dear Mr. De Nicola:

As of this date, we have not received any response to our letter dated March 8, 2005, our email of April 14, 2005, nor to several voicemail messages left in the previous weeks regarding ChevronTexaco's intention for the project, construction plans, and request to develop an Environmental Impact Statement (EIS).

As a condition of the Record of Decision issued by the Maritime Administration (MARAD) on November 14, 2003 to Port Pelican LLC (Port Pelican), a supplemental environmental analysis was required to evaluate the construction site for the gravity-based structure. After strong insistence by Port Pelican, we agreed to prepare an Environmental Assessment (EA). In the course of complying with the National Environmental Policy Act, and in developing the EA, it has become apparent that a "finding of no significant impact" cannot be reached and that an EIS is necessary.

We need to receive an immediate response as to your intentions to proceed with the EIS. In an effort to maximize the level of utility of limited government resources, you are hereby notified that you must respond to this letter by June 10, 2005. If there is no response or we receive an inadequate response, we are prepared to suspend all work pertaining to this project. Such a suspension will be immediately followed by an internal review by MARAD as to the status of the License issued to Port Pelican. Once suspended, work will not commence in development of an EIS until we receive your written request to do so along with your clearly stated intentions regarding the project. Once received, if we are satisfied as to the sufficiency of the request, we will begin procedures to acquire an environmental consultant under contract to the Coast Guard office of Deepwater Ports to assist us in development of the EIS.

You are reminded that an EIS must be completed with a record of decision, and all necessary permits obtained, before you can proceed regarding the fabrication site and construction of the gravity bases structures.

If there are any questions, you may contact LCDR Derek Dostie at (202) 267-0662, or Joan Lang at (202) 267-2498.

Sincerely,

M. A. Prescott
Chief, Deepwater Ports Standards Division
U.S. Coast Guard
By direction

Copy:  Mr. Alan Finio, engineering-environmental Management, Inc.
       Mr. Keith Lesnick, Maritime Administration