UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>SEAN T. CONNAUGHTON, )<br>  Administrator, Maritime Administration, )<br>)<br>and )<br>)<br>MARY E. PETERS, )<br>  Secretary, U.S. Department of Transportation, )<br>)<br>Defendants. )<br>) | Civil Action No. 08-00259(RWR) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
DEFENDANTS TO SUPPLEMENT THE RECORD**

Plaintiff brought this suit pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq. objecting to the Maritime Administrator's designation of New Jersey as an adjacent coastal state ("ACS") pursuant to the Deepwater Port Act, 33 U.S.C. § 1508(a)(2). The designation was made as part of the Maritime Administration's consideration of Plaintiff's application for the licensing of a natural gas deepwater port off the coasts of New York and New Jersey. Plaintiff also filed a Motion for a Preliminary Injunction to enjoin the designation, and has also moved the Court to compel Defendants to produce copies of an October 17, 2007 letter from the National Oceanic and Atmospheric Administration ("NOAA") to the Maritime Administration, which Defendants have now added to the public docket in the licensing proceeding, and any other communications between the two agencies regarding the Maritime

Administration's ACS determination. For reasons stated below, Plaintiff's Motion to Compel should be denied.[1]

As an initial matter, Plaintiff's motion is essentially one to compel discovery which is improper on multiple grounds. First, Plaintiff filed a Freedom of Information Act ("FOIA") request for the October 17, 2007 letter which was denied by the Maritime Administration on February 6, 2008. Ex. 1, Letter from Christine S. Gurland to Jim Burnley, Feb. 6, 2008. Pursuant to 49 C.F.R. § 7.21(d), Plaintiff had 30 days to appeal this denial. However, Plaintiff's FOIA appeal letter was dated March 18, 2008, well outside the mandated regulatory period. Ex. 2, Letter from James H. Burnley to D.J. Gribbin, March 18, 2008. Further, Plaintiff directed its FOIA appeal to the General Counsel for the U.S. Department of Transportation, not the Maritime Administrator as required by regulation and as instructed by the February 6th denial letter. Ex. 1; 49 C.F.R. § 7.12( c). Additionally, Plaintiff filed its appeal by electronic mail which is expressly precluded by regulation. See 49 C.F.R. § 7.21(d)("Appeals may be submitted via facsimile and conventional mail, *but not via electronic mail*.")(emphasis added). Thus, Plaintiff's FOIA appeal was deficient on multiple grounds – it was untimely, directed to the wrong Departmental official, and improperly submitted. Plaintiff essentially failed to properly exhaust its administrative remedies under the FOIA and its Motion to Compel is an obvious means to circumvent the administrative requirements of that statute. Given Plaintiff's actions in this regard, its Motion to Compel should be denied.[2]

---

[1] As set forth infra, Plaintiff is being given a copy of the October 17, 2007 letter today, April 4, 2008.

[2] Defendants understand that Plaintiff also filed an appeal with NOAA of that agency's
(continued...)

Second, a court's decision under the APA is generally confined to the administrative record, and for this reason, discovery is generally not permitted prior to the court's review of the legality of the agency action.  See, e.g. National Law Center on Homelessness and Poverty v. United States Department of Veterans Affairs, 736 F.Supp. 1148, 1152 (D.D.C. 1990).  There are exceptions to this general rule, including provision for discovery where the plaintiff makes a substantial showing that the administrative record is incomplete.  Id. at 1152-53.  However, Plaintiff cannot make this showing if for no other reason than that the certified administrative record has not been produced in this case.  Nor has Plaintiff attempted to show that there is any other basis to allow discovery in this matter.  Thus, Plaintiff cannot show any deficiency with the record, and on this basis, Plaintiff's request for production of documents should be denied.  Of course, if the Court has concerns regarding the completeness of the certified administrative record *after* the record is produced, then those concerns can be addressed at that time.  There is, however, no current, legitimate basis for a Motion to Compel.

Plaintiff does aver that the communication, particularly the October 17, 2007 letter, will support its argument that it has a substantial likelihood of success on the merits.  Plaintiff's argument lacks merit for the basic reason that it is not the NOAA recommendation that is ultimately at issue but the Administrator's determination.  The Deepwater Port Act provides that the Secretary of Transportation "shall, upon request of a State, and after having received the recommendations of the Administrator of the National Oceanic and Atmospheric Administration, designate such State as an adjacent coastal State if he determines that there is a risk of damage to

---

²(...continued)
denial of Plaintiff's FOIA request to the agency for the same document.  NOAA has not yet decided the appeal.

the coastal environment of such State equal to or greater than the risk posed to a State directly connected by pipeline to the proposed deepwater port." 33 U.S.C. § 1508(a)(2). The obvious meaning of this statutory provision is that the Secretary (or, as delegated, the Maritime Administrator) has the ultimate authority to make ACS designations although she is required to obtain a recommendation from NOAA before doing so. The statute, however, is silent on the weight that the Maritime Administrator is required to give to the NOAA in making ACS determinations. Any opinion that Plaintiff has in this regard is irrelevant particularly as related to advancing his argument that it has a substantial likelihood of success on the merits.

The critical issue here for the Court to make is whether the Administrator's designation of New Jersey "was based on a consideration of the relevant factors and whether there has been *a clear error in judgment*." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971)(emphasis added). Specifically, the Court must decide whether the Administrator's determination that the risk of damage to the coastal environment of New Jersey is equal to or greater than that posed to New York (the state to which the proposed port is connected by pipeline), for purposes of ACS designation, was clear error. Because the statute does not mandate that the Maritime Administration give any particular weight be the NOAA recommendation, the key inquiry for the Court is then focused on the bases for the Maritime Administration's consideration. "Although this inquiry should be conducted carefully, it is a narrow inquiry that does not permit the Court to substitute its judgment for that of the Secretary." Rush Presbyterian-St. Luke's Medical Center v. Thompson, 362 F.Supp.2d 25, 31 (D.D.C. 2005), citing, Volpe, 401 U.S. at 416.

In undertaking its inquiry, the Court's review is confined to the administrative record *compiled by the agency*. National Law Center on Homelessness and Poverty, 736 F.Supp. at 1153. As indicated above, the administrative record has not been compiled by the agency. Clearly, any argument advanced by Plaintiff as to the factors that Plaintiff believes should have been considered by the Administrator in making the ACS determination, and Plaintiff's opinion as to the weight which should have been given to those factors, does not demonstrate a substantial likelihood of success on the merits, but instead highlights that there is uncertainty in this regard. Underscoring this point is that, in the Secretary's previous ACS determinations, the Secretary agreed with the NOAA recommendation in one instance (i.e., Mississippi), but disagreed with NOAA as to the other (i.e., Florida). See R. 11, Def.'s Mot. Dismiss and Op. Pl.'s Mot. Prelim. Inj., Ex. 13. Thus, Plaintiff's Motion for a Preliminary Injunction should be denied, and in the event that this matter is not dismissed on jurisdictional grounds, an eminently supportable and supported outcome, this matter should proceed on the merits which will include production of the administrative record.

Finally, Plaintiff's Motion to Compel with regard to the October 17, 2007 NOAA letter is moot because, as indicated above, the document has been submitted to the agency's administrative docket related to Plaintiff's deepwater port application.[3] For this reason as well, Plaintiff's Motion to Compel should be denied.

Date: April 4, 2008

---

[3] Indeed, Defendants' undersigned counsel will provide a courtesy copy to Plaintiff's counsel today, April 4, 2008.

                    Respectfully Submitted,

/s/ Jeffrey A. Taylor /mj
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell

Of Counsel:                    _____
PAUL M. GEIER.             BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant General Counsel for     Assistant United States Attorney
 Litigation                         U.S. Attorney's Office for the District of Columbia
DALE C. ANDREWS         555 4th Street, N.W., Rm. E-4915
Deputy Assistant General Counsel   Washington, D.C. 20530
  for Litigation                 Ph: (202) 307-0492
PETER J. PLOCKI            Fax: (202) 514-8780
Senior Trial Attorney          E-mail: beverly.russell@usdoj.gov
U.S. Department of Transportation

LANE H. NEMIROW
Trial Attorney
T.MITCHELL HUDSON
Attorney Advisor
Maritime Administration
U.S. Department of Transportation
Washington, D.C. 20590

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of ***Defendants' Opposition to Plaintiff's Motion to Compel Defendants to Supplement the Record*** was made by the Court's Electronic Case Filing System, to:

John F. Cooney
Venable, LLP
575 Seventh Street, N.W.
Washington, D.C. 20004
jfcooney@venable.com

and by electronic and first class mail to:

Rachel Horowitz
Office of the Attorney General of New Jersey
24 West Market Street
P.O. Box 093
Trenton, New Jersey 08625-0093

on this <u>4th</u> day of April, 2008.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney

Ex. 1 (Def.'s Op. to Pl.'s Mot. Compel)



Department of Transportation

**Maritime
Administration**
Office of Chief Counsel

1200 New Jersey Avenue, SE
Second Floor, West Building
Room W24-233
Washington, D.C.  20590

Christine S. Gurland, FOIA Officer
202-366-5181
Ann Herchenrider, FOIA Public Liaison
202-366-5165
Jeannette S. Riddick
FOIA Requester Service Center
202-366-2666
FACSIMILE:  202-366-7485
Toll free: 1-800-986-9678 ext. 65181
E-mail address: FOIA.MARAD@dot.gov

February 6, 2008

Jim Burnley, Esq.
Venable LLP
575 7th Street, NW
Washington, DC  20004-1601

Control No.: 08-013

Dear Mr. Burnley:

This letter is in response to your November 19, 2007 Freedom of Information Act (FOIA) request for a copy of the document, dated on or about October 17, 2007, that was prepared and signed by NOAA in response to a request from the U.S. Maritime Administration in accordance with the provisions of the Deepwater Port Act.

The document listed on the enclosed list is being withheld in its entirety pursuant to Exemption (b) (5) of the FOIA.  Exemption (b) (5) of the FOIA encompasses "interagency or intra-agency memorandum or letters which would not be available by law to a party...in litigation with the agency." Exemption (b)(5) also incorporates the deliberative process privilege which applies to the nondisclosure of information in order to prevent injury to the quality of agency decisions, as well as the attorney-client privilege which protects from disclosure confidential communications between an attorney and his or her client.  Specifically, the withheld material contains privileged information related to the deliberative process.

The withheld document has not been redacted because after redaction of confidential information no reasonably segregable remaining material would have meaning.

Page 2

You may contest the nondisclosure noted above by submitting an appeal, in writing, within 30 days from the date hereof, to the Maritime Administration, 400 Seventh Street, S.W., Washington, D.C. 20590. The appeal and its envelope should be marked "Freedom of Information Act Appeal

There are no charges incurred in connection with your request.

Sincerely,

*Christine S. Gurland*
CHRISTINE S. GURLAND
Freedom of Information Act Officer

Enclosure

**VENABLE**LLP

575 7th Street, NW
Washington, DC 20004

Telephone 202-344-4000
Facsimile 202-344-8300

www.venable.com

James H. Burnley IV        (202) 344-4054        jhburnley@venable.com

March 18, 2008

**VIA E-MAIL DELIVERY**
The Honorable D.J. Gribbin
General Counsel
Room W92-300
U.S. Department of Transportation
1200 New Jersey Ave., SE
Washington, D.C. 20590

Re: Freedom of Information Act Appeal

Dear Mr. Gribbin:

As you are aware, I represent the Atlantic Sea Island Group, LLC ("ASIG"), an applicant for a license to construct and operate the Safe Harbor Energy LNG Deepwater Port to be constructed 13.5 miles off of the coast of New York. Pursuant to section 1508 (a) of the DWPA, New York was designated an adjacent coastal state for purposes of this project in the Notice of Application published in the Federal Register on August 27, 2007. Subsequently, on September 6, 2007, the State of New Jersey petitioned the Maritime Administration and the United States Coast Guard to be designated an adjacent coastal state under section 1508 (b) of the DWPA for purposes of the Safe Harbor Energy project. The New Jersey petition was forwarded to the NOAA for a recommendation, and the NOAA sent a letter to the Maritime Administration on October 17, 2007, discussing the New Jersey petition ("NOAA letter"). We filed separate requests for this *NOAA letter* under the FOIA with both the Maritime Administration and the NOAA. However, both the Maritime Administration, and after consultation with the Maritime Administration, the NOAA have stated that the *NOAA letter* is exempt from disclosure under 5 U.S.C. § 552(b)(5) ("Exemption 5") as "[i]nter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." See Attachments 1 and 2 respectively. The Maritime Administration specifically stated that the withheld material contains privileged information related to the deliberative process.

Initially, as a matter of law, Exemption 5 does not apply to the *NOAA letter*. Exemption 5 covers only those documents that are normally privileged in the civil discovery context. *See* Schiller v. NLRB, 964 F.2d 1205 (D.C. Cir. 1992). The *NOAA letter* would be discoverable in a civil discovery context because the recommendation of the Administrator of NOAA was allegedly a basis and consideration of the Maritime Administrator in making the determination that New Jersey was an adjacent coastal State for purposes of the Safe Harbor Energy Deepwater

# VENABLE LLP

D.J. Gribbin, Esq.
General Counsel
U.S. Department of Transportation
March 18, 2008
Page 2

Port project. Maritime Administration letter to the Honorable Jon S. Corzine dated Nov. 2, 2007, Attachment 3. Administrative actions, to avoid being deemed arbitrary and capricious, can only be based on information in the administrative record. *See* GTE Serv. Corp. v. FCC, 782 F.2d 263, 272 (D.C. Cir. 1986) (Deletion of reporting conditions in license can be upheld if there is a "'rational basis' in the record"). *See also* Nat'l Ass'n of Regulatory Util. Comm'rs v. FCC, 737 F.2d 1095, 1124 (D.C. Cir. 1984), *cert. denied*, 469 U.S. 1227 (1985) ("An agency decision arrived at through informal rulemaking must have a rational basis in the record and be based on a consideration of the relevant factors under its statutory mandate.") "It is basic that agency action cannot be sustained on the basis of information not relied upon by the agency or disclosed in its record of consideration." The Motor & Equip. Manufac. Ass'n, Inc. v. EPA, 627 F.2d 1095, 1105 (D.C. Cir. 1979). Further, as is apparent from the *Nat'l Ass'n of Regulatory Util. Comm'rs* case, it would be both an abuse of discretion and violation of law if the decision regarding adjacent coastal State status under § 1508 (a)(2) of the DWPA was made without consideration of the recommendations of the Administrator of NOAA, as such consideration is mandated by the Act, a position acknowledged by the Maritime Administration. Attachment 3 at 1.

Pursuant to statute, the *NOAA letter* is an acknowledged part of the record in the Maritime Administrator's decision and has been expressly relied upon by the Maritime Administrator as a basis for his decision. It is a mandatory part of the administrative record in this matter.

More importantly, however, it has very recently come to our attention that the Maritime Administration apparently provided the *NOAA letter* to the State of New Jersey, or at a minimum, disclosed its contents orally, in October 2007, thereby waiving the protections of the exemption. This disclosure was prior to making an official determination on November 2, 2007, that the State of New Jersey would be designated as an "adjacent coastal state" for purposes of consideration of the license application for the Safe Harbor Energy LNG Deepwater Port Project. In a letter sent to the Maritime Administration on November 1, 2007, Ms. Ruth Ehinger, Coastal Program Manager for the State of New Jersey quotes from the *NOAA letter* and refers to issues discussed in that letter. *See* Attachment 4 at 1 ("New Jersey letter').

The FOIA exemptions, including Exemption 5, do not apply if the information for which the exemption has been claimed has been selectively disclosed to an interested party. *See, e.g.*, Natural Res. Def. Council v. Dept. of Defense, 442 F.Supp.2d 857, 865-66 (C.D. Cal. 2006) (rejecting agency's leak argument where evidence of selective disclosure and preferential treatment was substantial); North Dakota *ex rel.* Olson v. Andrus, 581 F.2d 177, 182 (8th Cir.

# VENABLE<sub>LLP</sub>

D.J. Gribbin, Esq.
General Counsel
U.S. Department of Transportation
March 18, 2008
Page 3

1978) ("selective disclosure" of record to one party in litigation deemed "offensive" to FOIA and held to prevent agency's subsequent invocation of Exemption 5 against other party to litigation); Comm. To Bridge the Gap v. Dept. of Energy, No. 90-3568, transcript at 3-5 (C.D. Cal. Sept. 9, 1991) (bench order) (deliberative process privilege waived for draft order by prior voluntary disclosure of earlier draft order to interested party; selective disclosure is "offensive" to FOIA and "fosters precisely the distrust of government that the FOIA was intended to obviate"), *aff'd on other grounds*, 10 F.3d 808 (9th Cir. 1993); NW Envtl. Def. Ctr. V. United States Forest Serv., No. 91-125, slip op. at 12 (D. Or. Aug. 23, 1991) (magistrate's recommendation), *adopted* D. Or. Feb. 12, 1992 (deliberative process privilege waived as to portion of agency report discussed with interested third party).

  Here, as is made clear by the *New Jersey letter*, Attachment 4, the Maritime Administration provided the *NOAA letter* to the State of New Jersey, an interested party in the decision by the Maritime Administration as to its "adjacent coastal state" status, but has used Exemption 5 as a rationale to withhold the information from other interested parties. This is clearly offensive to FOIA, and favors the rights and interests of the State of New Jersey over those of others, particularly ASIG.

  Further, the *New Jersey letter*, Attachment 4, was recently filed as an attachment to the State of New Jersey's motion to intervene in that suit. Here, the contents and findings of the *NOAA letter* has been referred to and summarized in a court filing by the State of New Jersey, which is seeking intervenor status in a suit filed under the Administrative Procedure Act by Atlantic Sea Island Group, LLC challenging the designation of New Jersey as an adjacent coastal state in this case. Atlantic Sea Island Group, LLC v. Connaughton, Civ. Action No. 08-00259-RWR (D.D.C. filed Feb. 15, 2007). The *New Jersey letter*, in fact, specifically refers to the ultimate conclusion of NOAA, *i.e.* "that New Jersey should provide additional information demonstrating that risk to New Jersey is equal to or greater than the risk posed to ' . . . New York, the State that is directly connected by pipeline to the proposed deepwater port.'" Attachment 4 at 1.

  Moreover, the *New Jersey letter* also states that the NOAA letter "addresses Cholera Bank and fishing, the coastal environment and water quality." Id. Thus, the document also apparently discusses factual information. To the extent that the NOAA letter contains factual information, the deliberative process privilege does not apply and those portions of the letter are subject to release. See EPA v. Mink, 410 U.S. 73, 91 (1973) (refusing to extend the deliberative process

# VENABLE LLP

D.J. Gribbin, Esq.
General Counsel
U.S. Department of Transportation
March 18, 2008
Page 4

privilege protection to "factual material otherwise available on discovery merely [because] it was placed in a memorandum with matters of law, policy, or opinion"). Thus, Exemption 5 would not serve to protect factual information that is apparently in the *NOAA letter*.

Further, the contents of the *NOAA letter*, and specifically the underlying opinion or recommendation made by the NOAA regarding the petition of New Jersey to be designated an adjacent coastal state, have been placed in the public domain by the actions of New Jersey in citing NOAA's findings in the *New Jersey letter*, which is attached to a court filing, and the protections of Exemption 5 have thereby been waived. Students Against Genocide v. Dept. of State, 257 F.3d 828, 836 (D.C. Cir. 2001) (noting that "[f]or the public domain doctrine to apply, the specific information sought must have already been 'disclosed and preserved in a permanent public record'" (*citing* Cottone v. Reno, 193 F.3d 550, 554-55 (D.C. Cir. 1999)).

Finally, it is also apparent from the *New Jersey letter* that the contents of the *NOAA letter* were discussed in a conference call on October 24, 2007, between representatives of the Maritime Administration and the State of New Jersey. Attachment 4 at 1. Courts have held that an agency may waive a document's otherwise exempted status under the FOIA by disclosing the contents of documents in a telephone conversation. *See* Myles-Pirzada v. Dept. of the Army, No. 91-1080, slip op. at 6 (D.D.C. Nov. 20, 1992) (finding waiver when agency official read report to requester over telephone); Catchpole v. Dept. of Transportation, No. 97-8058, slip op. at 5-7 (llth Cir. Feb. 25, 1998) (remanding to determine if official read memorandum to requester over telephone, thereby waiving privilege). Here, assuming *arguendo* that the *NOAA letter* was not itself provided to the State of New Jersey, the fact that the contents of the letter were specifically disclosed in the teleconference of October 24, 2007, as is clear from the *New Jersey letter*, Attachment 3 at 1, is sufficient to waive the protections of Exemption 5.

For all of the above reasons, Exemption 5 is not a valid basis to withhold the *NOAA letter*. In particular, the Government, through the actions of the Maritime Administration, has waived the protections of that exemption based on the selective disclosure of the letter to an interested party, specifically the State of New Jersey. Such selective disclosure favors the State of New Jersey and its interests to the detriment of ASIG, which had opposed the designation of New Jersey as an "adjacent coastal state" by letter dated September 24, 12007 addressed to Administrator Connaughton of the Maritime Administration. This selective disclosure is both unfair and clearly offensive to the FOIA.

# VENABLE LLP

D.J. Gribbin, Esq.
General Counsel
U.S. Department of Transportation
March 18, 2008
Page 5


      I therefore request that you immediately release the subject record. Further, an appeal of the NOAA denial of the release of the records is currently pending with the Assistant General Counsel for Administration at the Department of Commerce. I also request that you contact the Assistant General Counsel for Administration at the Department of Commerce (NOAA FOIA 2008-00074) and authorize release of any responsive documents by them on the basis that the protections of Exemption 5 have been waived by the actions of the Maritime Administration.

                                                                   Sincerely,

                                                                   James H. Burnley IV

Attachment

DC2\940284.01

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| SEAN T. CONNAUGHTON, | ) |
| Administrator, Maritime Administration, | ) Civil Action No. 08-00259(RWR) |
| | ) |
| and | ) |
| | ) |
| MARY E. PETERS, | ) |
| Secretary, U.S. Department of Transportation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion to Compel, Defendants' opposition thereto, and the entire record as related to Plaintiff's Motion to Compel, it is by the Court,

ORDERED that Plaintiff's Motion to Compel is DENIED.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
John F. Cooney
Venable, LLP
575 Seventh Street, N.W.
Washington, D.C. 20004

Beverly M. Russell
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

Rachel Horowitz
Office of the Attorney General of New Jersey
24 West Market Street
P.O. Box 093
Trenton, New Jersey 08625-0093