UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ATLANTIC SEA ISLAND GROUP LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEAN T. CONNAUGHTON, | ) | |
|   Administrator, Maritime Administration, | ) | Civil Action No. 08-00259(RWR) |
| | ) | |
|  and | ) | |
| | ) | |
| MARY E. PETERS, | ) | |
|  Secretary, U.S. Department of Transportation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Defendants, Sean T. Connaughton, Administrator, Maritime Administration, and Mary E. Peters, Secretary, U.S. Department of Transportation, have moved to dismiss this suit brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq. because Plaintiff lacks standing to challenge the agency action at issue. Plaintiff now seeks to frame its right to bring suit by alleging a procedural-injury claim. See Reply Mem. Supp. Pl.'s Mot. Prelim. Inj., at 5. However, as explained below, a review of the relevant statutory provision reveals the error of Plaintiff's argument.

## ARGUMENT

Plaintiff challenges the Maritime Administrator's designation of New Jersey as an adjacent coastal state ("ACS") pursuant to the Deepwater Port Act, 33 U.S.C. § 1508(a)(2). The ACS provision at issue states, "[t]he Secretary shall, *upon request of a State*, and after having

received the recommendations of the Administrator of the National Oceanic and Atmospheric Administration, designate such State as an 'adjacent coastal State' if he determines that there is a risk of damage to the coastal environment of such State equal to or greater than the risk posed to a State directly connected by pipeline to the proposed deepwater port." Id. (emphasis added). Plaintiff urges that it has standing because this provision affords Plaintiff certain procedural rights. See Reply Mem. Supp. Pl.'s Mot. Prelim. Inj., at 5. Plaintiff's argument, however, lacks merit.

Generally, as to standing, it is well established that a plaintiff must prove three specific elements: injury in fact, cause, and redressability. Specifically, the plaintiff must have suffered an "injury in fact"– i.e., an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 553, 560-61 (1992)(footnotes and citations omitted). When a plaintiff claims standing based on a procedural injury, the plaintiff need not meet "all the normal standards for redressability and immediacy." Id. at 572 n.7. To establish "procedural standing," a plaintiff must, nonetheless, establish that "the procedure at issue [is] one designed to protect a threatened interest of the plaintiff." Renal Physicians Ass'n v. U.S. Dept. of Health and Human Services, 489 F.3d 1267, 1278 (D.C. Cir. 2007).

Here, the statutory provision at issue is designed to protect the interest of States, in this instance, New Jersey. The legislative history of the provision underscores this point. The Congressional Committees responsible for drafting the deepwater port legislation deemed the ACS provision necessary "*to protect the interests of coastal states* in the deepwater port development process." S.Rep. No. 93-1217, *reprinted in* 1974 U.S.C.C.A.N. 7529, 7537 (emphasis added). The Senate Committee report states, "[w]hile some States expect to benefit [from the deepwater port development], others [may] believe that their economic and environmental interests will be adversely affected by deepwater port development, and therefore, will oppose the location of a deepwater port off their coasts." Id. "The Committee [thus concluded] that any coastal State which chooses to forego benefits associated with deepwater ports to avoid potentially adverse environmental impacts should be allowed to veto the issuance of a license for deepwater port development off its shores." S.Rep. No. 93-1217, *reprinted in* 1974 U.S.C.C.A.N. 7529, 7538. Thus, to the extent that 33 U.S.C. § 1508(a)(2) is designed to protect an interest, it is those of States. Given such, Plaintiff fails to establish any procedural injury based on this statutory provision, and thus, fails to establish standing. Accordingly, Plaintiff's suit should be dismissed. See Center for Law and Educ. v. Department of Educ., 396 F.3d 1152, 1157 (D.C. Cir. 2005), quoting, Defenders of Wildlife, 504 U.S. at 573 n.8 (1981)("Not all procedural-rights violations are sufficient for standing; a plaintiff must show that "the procedures in question are *designed* to protect some threatened concrete interest *of his* that is the ultimate basis of his standing.")(emphasis in original).

Plaintiff does aver, albeit incorrectly, that it has established standing even under the standards in cases not involving procedural rights. The APA states, at 5 U.S.C. § 704, that

3

"[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."  Hence, "[w]hen. . .review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" Lujan v. National Wildlife Federation, 497 U.S. 871, 882 (1990).  However, interlocutory decisions made during a decisionmaking process, and in aid of that process, do not reflect the "consummation" of the agency's decisionmaking process and thus do not qualify as final agency actions.[1]  See, e.g. Mobile Exploration & Producing U.S., Inc. v. Dept. of Interior, 180 F.3d 1192 (10th Cir. 1999). As explained in *Defendants' Motion to Dismiss and Opposition to Plaintiff's Preliminary Injunction*, the Secretary's decision with regard to the issuance of a license to own, construct, and operate a deepwater port represents the consummation of the Maritime Administration's administrative action, not the incremental step of designating adjacent coastal States.

Plaintiff avers, however, that the Administrator's ACS determination will cause Plaintiff to spend money and endure delays because Plaintiff will be required to conduct additional environmental analyses with regard to New Jersey.  Reply Mem. Supp. Pl.'s Mot. Prelim. Inj., at 7.  Thus, according to Plaintiff, the Administrator's ACS determination constitutes final agency action.  Plaintiff's argument in this regard lacks merit on multiple grounds.  First, "there is no general hardship exception to the finality requirement[,]" Public Citizen v. Office of the U.S. Trade Representative, 970 F.2d 916, 922 (D.C. Cir. 1992), and thus Plaintiff's argument related

---

[1] The other element for finality is that the agency action must "be one by which rights or obligations have been determined, or from which legal consequences will flow." Sierra Club v. Mainella, No. Civ. A. 04-2012 JDB, 2005 WL 327626264, *9 (D.D.C. Sept. 1, 2005), quoting Bennett v. Spears, 520 U.S. 154, 177-78 (1997)(citation omitted).

to possible additional expense and delay is not dispositive with regard to establishing standing. Second, just because the Administrator's ACS determination might require Plaintiff to include the effects on New Jersey within the scope of its environmental reviews does not make the ACS determination a "final agency action." Cf. Aluminum Co. of America v. United States, 790 F.2d 938, 941 (D.C. Cir. 1986)(In this suit in which the petitioner was seeking relief from an order from the Interstate Commerce Commission ("ICC"), and would be "burdened" with the obligation of retrying its claims before the ICC if relief was not granted by the Court, the D.C. Circuit stated "[i]t is firmly established that agency action is not final merely because it has the effect of requiring a party to participate in an agency." The Court noted that, if the ICC issued a favorable decision on the petitioner's complaint, the petitioner would have no reason to seek judicial review.); see also Hindes v. FDIC, 137 F.3d 148, 161-62 (3d Cir. 1998)(FDIC's notification that bank satisfy certain capitalization requirement or the FDIC would cancel the bank's insurance was not final agency action although effect of notification created a "crisis;" notification was not FDIC's definitive statement, but instead, "the first step of a multi-step procedure which could lead to the termination of the institution's deposit insurance.") The final agency action here relates to whether Plaintiff's licensing application will be approved, a determination which has clearly not been made. The intermediate steps which are part of and precede that action, including the ACS determination, are interlocutory in nature, and thus, an inappropriate basis upon which to establish standing. Accordingly, for this reason as well, this suit should be dismissed for lack of standing.

## CONCLUSION

For reasons stated in Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for a Preliminary Injunction, and herein, this suit should be dismissed.

April 7, 2008

        Respectfully Submitted,

        /s/ Jeffrey A. Taylor /mj
        _____
        JEFFREY A. TAYLOR, D.C. BAR #498610
        United States Attorney

        /s/ Rudolph Contreras
        _____
        RUDOLPH CONTRERAS, D.C. BAR #434122
        Assistant United States Attorney

        /s/ Beverly M. Russell

Of Counsel:        _____
PAUL M. GEIER.        BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant General Counsel for        Assistant United States Attorney
 Litigation        U.S. Attorney's Office for the District of Columbia
DALE C. ANDREWS        555 4th Street, N.W., Rm. E-4915
Deputy Assistant General Counsel        Washington, D.C. 20530
  for Litigation        Ph:  (202) 307-0492
PETER J. PLOCKI        Fax: (202) 514-8780
Senior Trial Attorney        E-mail: beverly.russell@usdoj.gov
U.S. Department of Transportation

LANE H. NEMIROW
Trial Attorney
T.MITCHELL HUDSON
Attorney Advisor
Maritime Administration
U.S. Department of Transportation
Washington, D.C.  20590

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of ***Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss*** was made by the Court's Electronic Case Filing System, to:

John F. Cooney
Venable, LLP
575 Seventh Street, N.W.
Washington, D.C. 20004
jfcooney@venable.com

and by electronic and first class mail to:

Rachel Horowitz
Office of the Attorney General of New Jersey
24 West Market Street
P.O. Box 093
Trenton, New Jersey 08625-0093

on this 7th day of April, 2008.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney