## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ATLANTIC SEA ISLAND GROUP LLC,** ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 08-00259 (RWR)** |
| ) | |
| **SEAN T. CONNAUGHTON** ) | |
| **Administrator** ) | |
| **Maritime Administration,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **MARY E. PETERS,** ) | |
| **Secretary** ) | |
| **Department of Transportation,** ) | |
| ) | |
| **Defendants.** ) | |

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION TO COMPEL DEFENDANTS TO SUPPLEMENT THE RECORD

Defendants oppose the Motion of Atlantic Sea Island Group ("ASIG") to require

them to supplement the Record on the mistaken premise that the Motion seeks discovery

of documents that fall outside the scope of the Administrative Record of the Maritime

Administrator's November 2, 2007 decision. To the contrary, ASIG seeks only to have

Defendants produce to the Court certain documents that actually were part of the Record

before the Maritime Administrator at the time he made his decision.

The only question presented by the Motion is whether those documents should be

produced now, for the Court's consideration in resolving ASIG's Motion for a

Preliminary Injunction, or subsequently at the merits stage of the case. ASIG submits

that in light of the case law in the D.C. Circuit on production of the Administrative

Record at the preliminary injunction stage and the clear evidence of Defendants' prior

efforts to "skew the record" by keeping documents critical to resolution of the Motion for

a Preliminary Injunction from the Court and ASIG, the Court should order Defendants to produce immediately any documents concerning communications between them and the National Oceanic and Atmospheric Administration ("NOAA") or the State of New Jersey concerning the State's petition for designation as an additional "adjacent coastal State."

1.     **D.C. Circuit Decisions Require Production of The Requested Documents.**

A motion for preliminary injunction must be decided based on the entire administrative record. *American Bioscience v. Thompson*, 234 F.3d 579, 580 (D.C. Cir. 2001) ("[O]ur reasons for vacating and remanding [the denial of a preliminary injunction] are simple: the administrative record was never filed in court."). In *American Bioscience*, the D.C. Circuit held that "the [district] court, before assessing [plaintiff's] probability of success on the merits [in a motion for a preliminary injunction], should have required the [agency] to file the administrative record and should have determined the grounds on which the [agency]" acted. *Id.* at 582. Accordingly, there is ample authority for the Court's ordering Defendants to produce the complete Administrative Record upon which New Jersey was designated as an "adjacent coastal State."

Defendants assert that the Court must confine its consideration to "the administrative record compiled by the agency," and that because "the administrative record has not been compiled by the agency," ASIG cannot "demonstrate a substantial likelihood of success on the merits." (Opp. at 5.) The D.C. Circuit, however, has made clear that a court must consider the entire administrative record and not merely those portions that the agency chooses to submit in support of its decision. When the agency selectively places portions of the record before the court the "asymmetry of information undermines the reliability of a court's review upon those portions of the record cited by

one party of the other." *Walter O. Boswell Mem. Hosp. v. Heckler*, 749 F.2d 788, 793

(D.C. Cir. 1984). This is particularly true, where, as here, "plaintiffs were unaware of a

number of items included in the…record compiled by the government." *Id.* Otherwise,

"there would be no check upon the failure of the agency to disclose information adverse

to it." *Id.* (remanding case to district court for consideration on full agency record); *see*

*also Stainback v. Secretary of the Navy*, 520 F. Supp. 2d 181, 185 (D.D.C. 2007)

("'Allowing administrative agencies to preclude judicial access to materials relied upon

by an agency in taking whatever action is then being subject to judicial scrutiny would

make a mockery of judicial review.'") (*quoting Smith v. FTC*, 403 F. Supp. 1000, 1008

(D. Del. 1975)).

2.    **Defendants Have Deliberately Tried to Keep Important Documents**
      **That Are Adverse to Their Decision Out of the Record.**

In its Motion, ASIG demonstrated that Defendants had failed to place before the

Court, for its consideration in resolving the Motion for a Preliminary Injunction, the

October 17, 2007 NOAA letter that the Maritime Administrator was required by law to

review and upon which he explicitly relied in making his decision. Until the State moved

to intervene in this case, the contents of this letter and its criticism of the inadequacies in

New Jersey's submission were previously unknown, as was the existence of a November

1, 2007 responsive letter from New Jersey.

ASIG's Motion also demonstrated that the Maritime Administration had refused

its request for production of the NOAA letter under Exemption 5 of the Freedom of

Information Act, relating to confidential pre-decisional communications, even though the

document previously had been shared with New Jersey and discussed in a telephone call,

thereby vitiating any privilege from production that might have existed.

New Jersey's motion to intervene ultimately forced the Maritime Administration to make the document public. On April 4, 2008, the NOAA letter was posted to the public docket. Defendants did not, however, submit the document to the Court.[1] The public disclosure occurred only after ASIG had filed its Reply Brief in support of its Motion for a Preliminary Injunction on March 24, 2008.

The record now shows that that the Maritime Administration manipulated the FOIA process to prevent ASIG from obtaining and presenting to the Court the NOAA letter, which significantly supports its position on the likelihood of success on the merits prong of the preliminary injunction analysis. ASIG's request for disclosure of the NOAA letter was denied by the agency's FOIA Officer. At the time she made her decision, other officials in the Maritime Administration failed to inform her that the letter had previously been released to New Jersey and discussed in a telephone call. The selective release came to light only as a result of New Jersey's motion to intervene. The FOIA Officer's Document Release Notice expressly stated that the October 17, 2007 NOAA letter was being released "in light of the disclosure to New Jersey, a fact not previously known to the FOIA officer . . . ." (The Document Release Notice is attached hereto as Exhibit 1).

In sum, the record shows that Defendants failed to include in the Record before the Court documents that were before the Administrator that were adverse to his decision, and that the Maritime Administration improperly tried to prevent ASIG from obtaining access to those documents for submission in support of its claim. Accordingly, before considering ASIG's Motion for a Preliminary Injunction, the Court should grant ASIG's Motion and order Defendants to produce immediately any further documents that were

---

[1] ASIG is filing a separate Motion seeking leave of the Court to submit the NOAA letter as part of the Record on which the Motion for a Preliminary Injunction will be decided.

4

before the Maritime Administration at the time of the November 2, 2007 decision concerning communications between the agency and NOAA or the State of New Jersey concerning the Safe Harbor Energy project.

### Conclusion

For the reasons set forth above and in the Memorandum in Support of its Motion, Plaintiff's Motion to Compel Defendants to Supplement the Record should be granted.

Respectfully submitted,


_____*/s/ John F. Cooney*_____
JOHN F. COONEY
(D.C. Bar No. 936336)
JAMES H. BURNLEY IV
(D.C. Bar No. 426299)
DAVID G. DICKMAN
(D.C. Bar No. 465010)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4812

April 11, 2008                Counsel for Plaintiff



Department of Transportation

**Maritime
Administration**
Office of the Chief Counsel

1200 New Jersey Avenue, S.E.
Washington, D. C. 20590

Christine S. Gurland, FOIA Officer
202-366-5181
Ann Herchenrider, FOIA Public Liaison
202-366-5165
Jeannette S. Riddick
FOIA Requester Service Center
202-366-2666
FACSIMILE: 202-366-7485
Toll free: 1-800-986-9678 ext. 65181
E-mail address: FOIA.MARAD@dot.gov

April 3, 2008

## <u>DOCUMENT RELEASE NOTICE</u>

Re:    National Oceanic and Atmospheric Administration Letter of
Recommendation dated October 17, 2007.

It has come to the attention of the Maritime Administration that the
October 17, 2007 inter-agency letter from the National Oceanic and Atmospheric
Administration (NOAA) to the Maritime Administration was provided to the State
of New Jersey. The NOAA recommendation letter was originally designated
exempt from disclosure by the Maritime Administration's Freedom of Information
Act Officer, pursuant to FOIA exemption (b)(5) because it contains information
that is normally privileged in the civil discovery context and in order to prevent
injury to the quality of agency decisions. However, in light of the disclosure to
New Jersey, a fact not previously known to the FOIA officer, the balance of the
equities weighs in favor of full disclosure of the recommendation letter to the
public domain. Therefore, by this posting to our public Deepwater Port docket,
the October 17, 2007 letter of recommendation from the NOAA to the Maritime
Administrator is attached and made public.

The release of this NOAA recommendation letter is limited to the particular
set of facts and circumstances associated with its disclosure and is not intended
to serve as an administrative precedent. The Maritime Administration expressly
reserves its legal authority to exempt from disclosure all past, present and future
inter-agency memorandums or letters in accordance with the Freedom of
Information Act.

Sincerely,

Christine S. Gurland
Freedom of Information Act Officer

Attachment