UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC, )<br><br>       Plaintiff                )<br><br>       v.                        )<br><br>SEAN T. CONNAUGHTON,  )<br>  Administrator, Maritime Administration,  )<br><br> and                        )<br><br>MARY E. PETERS,         )<br> Secretary, U.S. Department of Transportation, )<br><br>       Defendants.      )  | Civil Action No. 08-00259(RWR) |

**MOTION FOR LEAVE TO FILE THE DECLARATION OF
MARK A. PRESCOTT IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS AND OPPOSITION TO
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Defendants, Sean T. Connaughton, Administrator, Maritime Administration, and Mary E. Peters, Secretary, U.S. Department of Transportation, respectfully move for leave to file the declaration of Mark A. Prescott as further support for Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for a Preliminary Injunction (R.11). Mr. Prescott's declaration discusses the Coast Guard's position that the Maritime Administrator has the authority to make adjacent coastal state determinations pursuant to 33 U.S.C. § 1508(a)(2). R. 11, Defs.' Mot. Dismiss and Op. Pl. Mot. Prelim. Inj., pp. 26-29.

A proposed Order consistent with the relief requested herein is attached.[1]

---

[1]Pursuant to Local Rule 7(m), Defendants' counsel contacted Plaintiff's counsel to consult on this non-dispositive motion, and was informed that Plaintiff's position is the following: "Plaintiff Atlantic Sea Island Group ("ASIG") opposes the Motion for Leave to

(continued...)

        Respectfully Submitted,

        /s/ Jeffrey A. Taylor /bmr
        _____
        JEFFREY A. TAYLOR, D.C. BAR #498610
        United States Attorney

        /s/ Rudolph Contreras /bmr
        _____
        RUDOLPH CONTRERAS, D.C. BAR #434122
        Assistant United States Attorney

Of Counsel:  
PAUL M. GEIER.  
Assistant General Counsel for  
 Litigation  
DALE C. ANDREWS  
Deputy Assistant General Counsel  
  for Litigation  
PETER J. PLOCKI  
Senior Trial Attorney  
U.S. Department of Transportation  

LANE H. NEMIROW  
Trial Attorney  
T.MITCHELL HUDSON  
Attorney Advisor  
Maritime Administration  
U.S. Department of Transportation  
Washington, D.C.  20590  

        /s/ Beverly M. Russell
        _____
        BEVERLY M. RUSSELL, D.C. Bar #454257
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        555 4th Street, N.W., Rm. E-4915
        Washington, D.C. 20530
        Ph:  (202) 307-0492
        Fax: (202) 514-8780
        E-mail: beverly.russell@usdoj.gov

---

[1](...continued)
Submit a further Declaration by Mr. Prescott. The time for submission of arguments on the substantive issues presented by the Motion for a Preliminary Injunction has long since passed. Defendants had ample opportunity to present any argument they may have had concerning the proper interpretation of the regulations governing delegations of authority during this protracted briefing process, including through Mr. Prescott's prior Declaration. ASIG objects to any further motions practice that would serve to delay the scheduling as soon as possible of a hearing on the merits of its Motion for a Preliminary Injunction."  Defendants respectfully submit that Plaintiff's position is disingenuous given its constant flurry of activity on the record.  Notwithstanding Plaintiff's objection, this Motion for Leave to File is solely limited to presenting a document supporting an argument that has already made.  R. 11, Defs.' Mot. Dismiss and Op. Pl. Mot. Prelim. Inj., pp. 26-29. Accordingly, Defendants do not believe that Plaintiff is prejudiced by the granting of this Motion.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the *Motion for Leave to File the Declaration of Mark A. Prescott in Support of Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for a Preliminary Injunction* was made by the Court's Electronic Case Filing System,

to:

John F. Cooney
Venable, LLP
575 Seventh Street, N.W.
Washington, D.C. 20004
jfcooney@venable.com

and by electronic and first class mail to:

Rachel Horowitz
Office of the Attorney General of New Jersey
24 West Market Street
P.O. Box 093
Trenton, New Jersey 08625-0093

on this 30th day of April, 2008.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney

DECLARATION OF MARK A. PRESCOTT

I, Mark A. Prescott, declare as follows:

1. I am the Chief of the Deepwater Ports Standards Division at U.S. Coast Guard, Department of Homeland Security. I have been employed in this capacity since 2003. The principal focus of my duties, responsibilities and goals as Chief of the Deepwater Ports Standards Division is to supervise the implementation of the Coast Guard Deepwater Ports Program in accordance with statutory and delegated authority to process Deepwater Port applications in coordination with the Maritime Administration. I am involved, along with my staff, in the Coast Guard's efforts to process applications for deepwater ports, including the Atlantic Sea Island Group, LLC deepwater port application currently being processed for a proposed LNG terminal to be located in the Federal waters south of Long Island. I have personal knowledge of the facts in this declaration or have received such information in the course of my official duties.

2. I am submitting this declaration to describe the role of the Coast Guard in the designation of New Jersey as an adjacent coastal state (ACS) for purposes of processing of the Atlantic Sea Island Group, LLC's Safe Harbor deepwater port application. New Jersey was designated as an ACS under the provisions of 33 U.S.C. § 1508(a)(2) on November 2, 2007, by letter from the Maritime Administrator in response to a September 7, 2007 request for ACS status from New Jersey Governor Jon Corzine.

1

3. Subsequent to the ACS designation by the Maritime Administrator, representatives of Atlantic Sea Island Group met with me and other members of the Coast Guard staff, including the Coast Guard Judge Advocate General (JAG). The Atlantic Sea Island Group representatives asserted that under their interpretation of the Deepwater Port Act, the 1976, 1997, and 2003 delegations from the Secretary of Transportation (Secretary), and the existing Deepwater Port Act implementing regulations, that it has always been, and is today, the Commandant that has the legal authority to make the permissive ACS determination per the requirements of 33 U.S.C. § 1508(a)(2).

4. The assertion of this legal responsibility by Atlantic Sea Island Group is primarily based upon 2 assumptions; 1), that the 1976 delegation to the Coast Guard that failed to affirmatively reserve to the Secretary the permissive 33 U.S.C. § 1508(a)(2) ACS designation authority meant that such authority was conveyed to the Commandant, and 2), that the current regulations found at 33 C.F.R. § 148.217, that conflict with the statute and with 33 C.F.R. § 148.5, provides the clear authority for the Commandant to make the ACS determination, not the Maritime Administrator.

5. After conferring with, briefing, and receiving comments from Coast Guard senior military and civilian officials at Coast Guard Headquarters, including the JAG, I can confirm that it is the position of the Coast Guard that, notwithstanding the conflicting regulation found at 33 C.F.R. § 148.217 (d), that the Coast Guard does not have and has never asserted the authority to make the permissive designation of an ACS under 33 U.S.C. § 1508(a)(2), which the Coast Guard considers a substantive action that is beyond the Coast Guard's delegated authority to process deepwater port applications.

6. The first regulations promulgated under the Deepwater Port Act were published on November 10, 1975. 40 Fed. Reg. 52540. That regulation expressly stated that "[i]f, after having received the recommendation of the Administrator of the National Oceanic and Atmospheric Administration, the Secretary determines that there is a risk of damage to the coastal state equal to or greater than the risk posed to a State directly connected to the proposed deepwater port, he grants the request and designates the requesting State as an adjacent coastal State. If he determines there is not such a risk, he denies the request and so notifies the Governor of the requesting State." 40 Fed. Reg. 52540, 52559. This regulation was in effect at the time and well after the Coast Guard transitioned to the Department of Homeland Security (DHS) in February 2003. Thus, the Coast Guard did not have ACS designation authority at the time it transitioned to DHS. Accordingly, 33 C.F.R. § 148.5 accurately reflects the appropriate delegation, to the Maritime Administrator, for purposes of ACS determinations under 33 U.S.C. § 1508(a)(2).

I declare under penalty of perjury that the information stated herein is true and correct to the best of my knowledge, information, and belief.

Executed this 8 th day of April, 2008.   *[signature: Mark A. Prescott]*

Mark A. Prescott

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| SEAN T. CONNAUGHTON, | ) |
| Administrator, Maritime Administration, | ) Civil Action No. 08-00259(RWR) |
| | ) |
| and | ) |
| | ) |
| MARY E. PETERS, | ) |
| Secretary, U.S. Department of Transportation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER

UPON CONSIDERATION of Defendants' *Motion for Leave to File the Declaration of Mark A. Prescott in Support of Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for a Preliminary Injunction*, the grounds stated therefore, the opposition thereto, and the entire record herein, it is on this ___ day of _____, 2008, hereby

ORDERED that Defendants' motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that the declaration of Mark A. Prescott will be considered by the Court as an exhibit in support of Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for a Preliminary Injunction;

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Copies of this order to:
John F. Cooney
Venable, LLP
575 Seventh Street, N.W.
Washington, D.C. 20004

Beverly M. Russell
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

Rachel Horowitz
Office of the Attorney General of New Jersey
24 West Market Street
P.O. Box 093
Trenton, New Jersey 08625-0093