UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ATLANTIC SEA ISLAND GROUP LLC,     )
                         Plaintiff,     )
            v.                     )     Civil Action No. 08-00259 (RWR)
                                   )
SEAN T. CONNAUGHTON                )
Administrator                      )
Maritime Administration,           )
                                   )
and                                )
                                   )
MARY E. PETERS,                    )
Secretary                          )
Department of Transportation,      )
                                   )
                      Defendants.   )
_____

## OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE
## TO FILE THE DECLARATION OF MARK A. PRESCOTT

Plaintiff Atlantic Sea Island Group ("ASIG") opposes Defendants' Motion for Leave to file the supplemental Declaration of Mark A. Prescott in Opposition to ASIG's Motion for a Preliminary Injunction and in support of Defendants' Motion to Dismiss.

The time for submission of substantive arguments on the Motion for a Preliminary Injunction has long since passed. Defendants already have submitted one Declaration by Mr. Prescott in support of their Opposition. Doc. No. 11-12, filed March 17, 2008. Defendants seek to submit a supplemental Declaration by Mr. Prescott at this late date to cure an obvious defect in their position. Defendants asserted in their Opposition that the Coast Guard shared their extraordinary position that the Commandant acted without legal authority when he issued (on several occasions) a rule which provides that the Commandant will designate additional "adjacent coastal States" pursuant to 33 U.S.C. § 1508(a)(2). 33 C.F.R. § 148.217(d). Glaringly,

however, no official of the Coast Guard signed that pleading or endorsed that position. Mr. Prescott had every opportunity to make this assertion in his original Declaration but did not.

Now, six months after the Maritime Administrator purported to designate New Jersey as an "adjacent coastal State" and six weeks after Defendants filed their Opposition, they seek to introduce a Declaration from a non-legal official of the Coast Guard claiming that the Coast Guard "has never asserted the authority to make permissive designation of an [adjacent coastal State]" under Section 1508(a)(2), despite the express language of Section 148.217(d) and its predecessors, which have been in the Code of Federal Regulations for several years.

Further, the declaration fails to acknowledge that the first regulations promulgated by the Coast Guard under the Deepwater Port Act in 1975 stated that it was the Coast Guard that would designate an "adjacent coastal State" if it was directly connected by pipeline to the deepwater port or was within 15 miles of the deepwater port, the criteria for designation under Section 1508(a)(1) of the Deepwater Port Act.  33 C.F.R. § 148.217(a), 40 Fed. Reg. 52540, 52559 (Nov. 10, 1975).  If, as the Prescott declaration claims, the Coast Guard never had the delegated authority to designate an "adjacent coastal State" under Section 1508(a)(2), it follows that it could not then have had the delegated authority to designate an "adjacent coastal State" under Subsection (a)(1), because the 1975 delegation to the Coast Guard did not affirmatively and expressly reserve to the Secretary any authority in Section 1508 (either under Subsection (a)(1) or Subsection (a)(2)).  Consequently, either all of the authority under Section 1508 was retained by the Secretary, or it was all delegated to the Coast Guard.

Thus, the only way that the Coast Guard would have been able under the 1975 regulations to designate an "adjacent coastal State" under the criteria of Section 1508 (a)(1) is if it also had been delegated the authority to designate an adjacent coastal State under

Section 1508(a)(2).  The Coast Guard's actions demonstrate its belief that it has the authority to make such designations under Section 1508(a)(1).  The August 15, 2007 letter designating New York as an "adjacent coastal State" under Section 1508(a)(1) for the ASIG license application was written on the Coast Guard's letterhead.  It was signed by Mr. Prescott on behalf of the Coast Guard and co-signed by the Maritime Administration.  Attachment 1.

Moreover, the Prescott declaration restates and replicates the core illegality that infects the government's designation of New Jersey as an adjacent coastal State and its defense in this action.  The declaration characterizes (at ¶ 4) the designation of an additional "adjacent coastal State" as "the permissive 33 U.S.C. § 1508(a)(2) ACS designation authority . . . ."  The Government attempts to somehow distinguish between the authorities in Section 1508 (a)(1) and (a)(2), referring to the (a)(2) authority as "permissive."  This distinction has no basis in either law or regulation, and is refuted by the text and legislative history of the statue. As ASIG demonstrated in the Memorandum in support of its Motion for a Preliminary Injunction (at pages 5-6, 26-28), the original Senate version of the Deepwater Port Act would have created a permissive, discretionary standard for designation of an "adjacent coastal State" if the State "would in the opinion of the Administrator of the National Oceanic and Atmospheric Administration experience substantial environmental risk . . ." from the operation of the port. S.Rep.No. 93-1217, reprinted at 1974 U.S.C.C.A.N. 7529, 7530 (1974). However, the Executive Branch strongly objected that a permissive standard as was proposed would prevent critically-needed deepwater ports from being constructed.  *Id*. at 7590-91 (Letter of Rog. Morton dated Aug. 22, 1974), 7593-94 (Letter of John C. Whitaker dated June 24, 1974).

As a result, Congress amended the final text of the Act to establish the objective, science-based standard set forth in Section 1508(a)(2).  It requires the risks to the "coastal environment"

of the petitioning State, narrowly defined to include effects only in the three mile coastal zone of that State, to be compared to the risks to the "coastal environment" of the State directly connected by pipeline to the port.  Importantly, an additional "adjacent coastal State" could be designated **only** when the petitioning state showed that the risks to it are equal to or greater than the risks to the pipeline state.  The same legal error challenged by ASIG in this case that pervades the Maritime Administrators decision -- the <u>de facto</u> treatment of authority in Section 1508(a)(2) as permitting designation of an "adjacent coastal State" where the agency deems it appropriate as a matter of policy and regardless of the actual language of the statute -- pervades, and is rearticulated in, the Prescott Declaration.

In sum, the irregular nature of the Prescott declaration, the last minute nature of its filing, and its internal contradictions provide ample reasons why the Court should deny Defendants leave to file this document.

A proposed Order denying the Motion for leave to file the Prescott declaration is attached.  With the filing of this Opposition, the briefing on the Motion for a Preliminary Injunction is now complete, and the matter is now ready for review by the Court.  ASIG requests that the hearing on the Motion be scheduled as soon as possible.

Respectfully submitted,

<i>/s/ John F. Cooney</i><br>

JOHN F. COONEY
(D.C. Bar No. 936336)
JAMES H. BURNLEY IV
(D.C. Bar No. 426299)
DAVID G. DICKMAN
(D.C. Bar No. 465010)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4812
*Counsel for Plaintiff*

May 6, 2008

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of May 2008, copies of *Opposition to*

*Defendants' Motion for Leave to File the Declaration of Mark A. Prescott and proposed Order*

was served (1) by the Court's ECF filing system to ECF-registered counsel of record, or (2) by

first-class mail, postage pre-paid, on non-ECF-registered counsel of record as follows:

Beverly Maria Russell, Esquire
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W, 4th Floor
Washington, DC  20530

*Counsel for Defendants*
*Sean T. Connaughton and Mary E. Peters*


Rachel Horowitz, Esquire
Office of the Attorney General of New Jersey
24 West Market Street
P.O. Box 093
Trenton, NJ 08625-0093

*Counsel for Movants*
*Jon S. Corzine and State of New Jersey*



    */s/ John F. Cooney*
John F. Cooney

# __Attachment 1__

U.S. Department of
Homeland Security

United States
Coast Guard

Commandant
United States Coast Guard

2100 Second Street, S.W.
Washington, DC 20593-0001
Staff Symbol: CG-3PSO-5
Phone: (202) 372 - 1454
Fax: (202) 372-1926
Email: mary.k.jager@uscg.mil

16613
August 15, 2007

Mr. William VanHerwarde
Executive Vice President
Atlantic Sea Island Group LLC
Chrysler Building 26th Floor
405 Lexington Avenue
New York, NY 10174

Dear Mr. VanHerwarde:

In accordance with the Deepwater Port Act, Title 33, United States Code 1504(c)(1), we have completed our review of the Atlantic Sea Island Group LLC (ASIG) deepwater port license application to own, construct, and operate a liquefied natural gas deepwater port submitted on September 13, 2006, the supplemental information submitted on May 8, 2007, and your responses to our June 27, 2007 letter of incompleteness Based on our review we have determined that the application appears to contain sufficient information to begin processing. This project will be known as Safe Harbor Energy.

While we have received sufficient information to initiate the processing of the application, there are still outstanding items that will need to be provided in order for incorporation into the draft Environmental Impact Statement (EIS). The Coast Guard has identified, by separate letter, the environmental consultant selected by them for assisting in the development of the EIS. ASIG will need to execute a contract quickly to facilitate the timely processing of your application and the development of an Environmental Impact Statement in accordance with the National Environmental Policy Act (NEPA). As agreed to in your August 6 meeting with Maritime Administration officials, this may include an additional contractor to conduct a comprehensive study of the impacts associated with decommissioning of the proposed island after its useful life, including an independent financial review of cost estimates provided for removal of the island. We have agreed to accept this information at a later date but it will need to be completed and/or included in the Draft EIS. You should also expect to receive periodic requests for additional information or clarification of existing information already in your submission from us to satisfy requirements under NEPA and DWPA.

We will be publishing a Notice of Application in the Federal Register that will designate New York as the adjacent coastal state for the proposed deepwater port. Additional coastal states may be designated in the future as well. Throughout this process, we will consult with the State of New York and several other federal agencies to ensure timely processing of your application in order for the Maritime Administrator, on behalf of the Secretary of Transportation, to render an informed licensing decision.

If you have any questions, please don't hesitate to contact Ms. Mary Jager of my staff at (202) 372-1454, or Mr. Keith Lesnick of the Maritime Administration at (202) 366-1624. We look forward to working with you in the future.

Sincerely,

M.A. PRESCOTT
Chief, Deepwater Ports Standards Division
U.S. Coast Guard
By direction

H. KEITH LESNICK
Director, Office of Deepwater Ports Licensing
And Offshore Activities
U.S. Maritime Administration

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ATLANTIC SEA ISLAND GROUP LLC,** ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 08-00259 (RWR)** |
| ) | |
| **SEAN T. CONNAUGHTON** ) | **[Proposed] ORDER** |
| **Administrator** ) | |
| **Maritime Administration,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **MARY E. PETERS,** ) | |
| **Secretary** ) | |
| **Department of Transportation,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**ORDER**</u>

Defendants' Motion for Leave to File the Declaration of Mark A. Prescott in support of Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for a Preliminary Injunction is hereby denied.

_____
Richard W. Roberts
United States District Judge