UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ATLANTIC SEA ISLAND GROUP LLC, )<br>                                    )<br>       Plaintiff                  )<br>                                    )<br>       v.                           )<br>                                    )<br>SEAN T. CONNAUGHTON,          )<br> Administrator, Maritime Administration, )<br>                                    )<br> and                           )<br>                                    )<br>MARY E. PETERS,               )<br> Secretary, U.S. Department of Transportation, )<br>                                    )<br>       Defendants.          )<br>_____) | Civil Action No. 08-00259(RWR) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE THE DECLARATION OF MARK PRESCOTT**

     Defendants, Sean T. Connaughton, Administrator, Maritime Administration, and Mary E. Peters, Secretary, U.S. Department of Transportation, by and through their undersigned counsel, respectfully respond to Plaintiff's opposition to Defendants' motion for leave to file the April 8, 2008 declaration of Mark A. Prescott. R. 32. Mr. Prescott is the Chief of the Deepwater Ports Standards Division, U.S. Coast Guard, Department of Homeland Security.

     Mr. Prescott's declaration states: "I can confirm that it is the position of the Coast Guard that . . . the Coast Guard does not have and never had asserted the authority to make the permissive designation of an [adjacent coastal State] under the [Deepwater Port Act] . . .." R. 32, Declaration of Mark A. Prescott, ¶ 5 (April 8, 2008). Mr. Prescott's declaration is based on his personal knowledge derived as a result of his direct involvement processing Plaintiff's deepwater

port application and his tenure as Chief of the U.S. Coast Guard Deepwater Ports Standards Division since 2003.

Plaintiff claims that the Maritime Administrator lacks the legal authority to designate the State of New Jersey as an "adjacent coastal State" under Section 1508(a)(2) of the Deepwater Port Act. R. 1, Compl. ¶¶ 44 and 51; R. 4, Mem. P.&A. Support Pl.'s Mot. Prelim. Inj., at 14-23. Plaintiff's claim is unsupported by the text of the Deepwater Port Act ("Act"), the history and texts of the implementing regulations, and the formally articulated analysis of the Maritime Administration. Mr. Prescott's declaration, the subject of the instant motion, serves to further refute Plaintiff's untenable position regarding the Administrator's authority to designate adjacent coastal States under the Act.

Plaintiff opposes Defendants' motion for leave to file Mr. Prescott's declaration for three reasons. Plaintiff asserts that a notional timebar prevents the Court from granting leave. Plaintiff also appears to attack the competency of Mr. Prescott as a declarant with regard to the subject matter of his declaration. Finally, Plaintiff does not agree with the position of the U.S. Coast Guard, as articulated in Mr. Prescott's declaration, regarding the Maritime Administrator's authority to designate adjacent coastal States under the Act. Given the importance of Mr. Prescott's declaration and the broad discretion of this Court in disposing of motions for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6), Defendants' motion should be granted notwithstanding the three perfunctory reasons offered by Plaintiff.

I.    <u>This Court's ability to account for factual matters in this case is not constrained by the timeframe specified by Plaintiff.</u>

Plaintiff claims that this Court may not admit Mr. Prescott's declaration because its submission is untimely.[1] This conclusory assertion is unsupported by any legal authority and is contradicted by jurisprudence in this Circuit. The District of Columbia Circuit in <u>Strang v. U.S. Arms Control and Disarmament Agency</u>, upheld the trial court's admission of affidavits that were filed on the day of a summary judgment hearing. 864 F.2d 859, 861 (D.C. Cir. 1989). The District of Columbia Circuit in that case held that because the affidavits at issue merely supported the existing motion, their admission on the hearing day was permissible. <u>Id.</u> Similarly, Mr. Prescott's declaration does not articulate a new defense, but rather supports Defendants' existing motion to dismiss and opposition to Plaintiff's motion for a preliminary injunction.[2] Plaintiff's opposition to the instant motion for leave confirms that Mr. Prescott's declaration bolsters an existing defense.[3] There is no legal authority that limits this Court's ability to permit the filing of Mr. Prescott's declaration based on the expiration of the illusory time period Plaintiff alludes to in its opposition.

---

[1] "The time for submission of substantive arguments . . . has long since passed." R. 34, Op. Defs.' Mot Leave File, at 1.

[2] "The Coast Guard never had 1508(a)(2) adjacent coastal State determination authority . . .The Secretary of Transportation has reserved this authority until its final delegation to the Maritime Administration in June 2003 . . ." R. 11, Mem. P.&A. In Support Defs. Mot. Dismiss and Opp. to Prelim. Inj., at 28.

[3] "Defendants asserted in their [March 17, 2008] Opposition that the Coast Guard shared [the Maritime Administration's] position that the [Maritime Administrator has the authority to make ACS designations]." R. 34, Op. Defs.' Mot. Leave File, at 1.

II.    <u>Mr. Prescott is a competent declarant</u>.

As noted above, Mr. Prescott's declaration indicates that the Maritime Administration is the proper agency to make adjacent coastal State designations under the Act. Plaintiff's opposition states that no Coast Guard official signed Defendants' Motion to Dismiss and Opposition to the Preliminary Injunction. R. 34, Op. Defs.' Mot. Leave, at 1-2. This assertion is devoid of analytical value and does not inform the question presented. The Coast Guard was not sued by the Plaintiff. That no Coast Guard official signed the dispositive motion and opposition memorandum is of no legal consequence and cannot serve as a basis for denying admission of the declaration.[4] Plaintiff also seeks to devalue the substance of Mr. Prescott's declaration by claiming that no Coast Guard official endorsed this position and that Mr. Prescott is a "non-legal official." R. 34, Op. Defs.' Mot. Leave File, at 2. Notwithstanding Plaintiff's characterizations, Mr. Prescott's declaration constitutes an unequivocal, authorized articulation of final agency position with regard to the Maritime Administrator's authority to make adjacent coastal State designations under the Act. Mr. Prescott's knowledge of this Coast Guard position was garnered during the course of his official duties as Chief of the Deepwater Ports Standards Division. Mr. Prescott's status as a "non-legal official" does not bear on the admissibility of the facts set out in his declaration or his competency as a declarant. <u>See generally</u> <u>Brophy v. U.S. Dept. of Defense</u>, No.Civ.A. 05-360(RMC), 2006 WL 571901, *5 (D.D.C. March 8, 2006).

---

[4]The pleadings and other filings submitted on behalf of Defendants were actually signed by Defendants' counsel, attorneys with the U.S. Department of Justice. When the Coast Guard is sued, it is also represented by the U.S. Department of Justice.

III.    <u>Mr. Prescott's declaration speaks for itself.</u>

Mr. Prescott's declaration also states: "After conferring with, briefing, and receiving comments from Coast Guard senior military and civilian officials at Coast Guard Headquarters, including the JAG, I can confirm that it is the position of the Coast Guard that . . . the Coast Guard does not have and has never asserted the authority to make the permissive designation of an ACS under [the Act] . . ." R. 32, Prescott Decl. ¶ 5. It is recognized that Plaintiff disagrees with the Coast Guard's position on this issue (a position shared by the U.S. Department of Transportation and Maritime Administration, the agencies responsible for the administration of the Act), however, this disagreement should not serve as the basis for denying Defendants' motion for leave to file Mr. Prescott's declaration. Mr. Prescott's declaration represents the Coast Guard's final position on this issue, speaks for itself and is the best evidence of its contents.

For the reasons stated above and in their Motion [R. 32], and given that there is no prejudice to Plaintiff if Defendants' Motion for Leave is granted, Defendants respectfully request that the Court grant the Motion for Leave.

Date: May 16, 2008

Respectfully Submitted,


/s/ Jeffrey A. Taylor /dch
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell

| | |
|---|---|
| Of Counsel: | _____ |
| PAUL M. GEIER. | BEVERLY M. RUSSELL, D.C. Bar #454257 |
| Assistant General Counsel for | Assistant United States Attorney |
|  Litigation | U.S. Attorney's Office for the District of Columbia |
| DALE C. ANDREWS | 555 4th Street, N.W., Rm. E-4915 |
| Deputy Assistant General Counsel | Washington, D.C. 20530 |
|   for Litigation | Ph:  (202) 307-0492 |
| PETER J. PLOCKI | Fax: (202) 514-8780 |
| Senior Trial Attorney | E-mail: beverly.russell@usdoj.gov |
| U.S. Department of Transportation | |

LANE H. NEMIROW
Trial Attorney
T.MITCHELL HUDSON
Attorney Advisor
Maritime Administration
U.S. Department of Transportation
Washington, D.C.  20590

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the ***Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Leave to File the Declaration of Mark Prescott*** was made by the Court's Electronic Case Filing System, to:

John F. Cooney
Venable, LLP
575 Seventh Street, N.W.
Washington, D.C. 20004
jfcooney@venable.com

and by electronic and first class mail to:

Rachel Horowitz
Office of the Attorney General of New Jersey
24 West Market Street
P.O. Box 093
Trenton, New Jersey 08625-0093

on this <u>16th</u> day of May, 2008.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney